GAY v. YOUNG MEN'S CONSOLIDATED CO-OPERATIVE MERCANTILE INSTITUTION et al.

No. 2079. Decided February 11, 1910 (107 Pac. 237).

1. APPEAL AND ERROR—HARMLESS ERROR—ERRONEOUS RULINGS—PLEADINGS. A defendant entitled under his answer remaining after striking out a part thereof to prove the matters stated in the answer as a defense is not prejudiced by striking out of the part, in the absence of an affirmative showing that the court restricted him in proving his matters of defense. (Page 285.)

2. APPEAL AND ERROR—HARMLESS ERROR—ERRONEOUS RULINGS—PLEADINGS. Where the striking out of all of the parts of a pleading that a motion therefor specified would not have been prejudicial, an order granting the motion in part without specifying what was and what was not stricken was not prejudicial. (Page 285.)

3. TRIAL—FINDINGS OF FACT—CONCLUSIONS OF LAW. A finding that an officer of a corporation by reason of his relation to it was chargeable with knowledge of a trust agreement entered into between the corporation and a stranger whereby the latter conveyed real estate to the corporation in trust, etc., is not a finding of fact, but is a conclusion of law deducible from facts. (Page 286.)

4. TRIAL—FINDINGS OF FACT—CONCLUSIONS OF LAW. Where the facts found support a conclusion of law, the fact that the conclusion is stated in the findings of fact, instead of in the conclusions of law made by the court, is immaterial. (Page 286.)

5. TRUSTS—RESULTING TRUST—CONVEYANCE TO SECURE DEBT OF ANOTHER. Where the wife of a debtor of a corporation conveyed her land to the corporation to sell the same for the best price obtainable, and to retain so much of the proceeds as was necessary to pay the husband's debts, and to account for the same, the obligation of the corporation was in the nature of a trust, and its relation to the wife and the proceeds was in the nature of a trustee. (Page 286.)

6. TRUSTS—SALE BY TRUSTEE—TERMS OF SALE—OBLIGATION OF TRUSTEE. Where a corporation accepting a conveyance of land in trust to sell for the best price obtainable and account for the proceeds sold for a less price, it was liable to the grantor for the difference between what the property was actually sold for and what the corporation could have obtained for it. (Page 287.)

7. TRUSTS—SALE BY TRUSTEE—VALIDITY—SALE TO OFFICER OF CORPORATE TRUSTEE. Where a corporation accepting a conveyance of land in trust to sell for the best price obtainable and account for the proceeds transferred the land to one of its officers for three hundred dollars, and the officer five days later sold it to a third person for five hundred dollars, the transfer to the officer was not a sale, and the corporation was liable under its trust agreement to account for five hundred dollars. (Page 287.)

8. CORPORATIONS—MEETINGS OF DIRECTORS—POWERS OF MAJORITY. Under Comp. Laws 1907, sec. 324, providing that corporate powers are vested in and shall be exercised by the board of directors, a corporation exercises its powers through the board of directors; but a majority of the board, regularly convened, may exercise any corporate powers in the absence of the minority, and bind the minority. (Page 287.)

9. CORPORATIONS—POWERS—BOARD OF DIRECTORS—NOTICE OF PROCEEDINGS. Where the majority of the board of directors of a corporation, regularly convened, lawfully exercises any corporate powers, the minority members of the board are chargeable with knowledge of such acts, and, where the majority acquired property

in trust, every director was charged with knowledge of the trust relation, and, as against the claims of those for whom the corporation became a trustee, the members acquired no better right to the trust property than the corporation had. (Page 287.)

10. CORPORATIONS—POWERS—BOARD OF DIRECTORS—NOTICE OF PROCEEDINGS. The minority members of the board of directors of a corporation are chargeable with knowledge of legal corporate acts, whether the majority of the board directly exercise the corporate powers or authorize an agent to do so. (Page 288.)

11. TRUSTS—VOLUNTARY TRUSTEE. Where a corporation accepting a conveyance of land in trust to sell at the best price obtainable and account for the proceeds transferred the land to an officer for a price less than the best price obtainable, the officer became a volunteer trustee, and, when he sold the land at an advance, he held the proceeds in trust for the beneficiary. (Page 289.)

Appeal from District Court, Fourth District; *Hon. J. E. Booth,* Judge.

Action by Ann R. Gay against the Young Man's Consolidated Co-operative Mercantile Institution and another.

Judgment for plaintiff. Defendants appeal.

AFFIRMED.

*J. W. N. Whitecotton* and *A. Saxey* for appellants.

*Johnson & Fowler* and *A. B. Morgan* for respondent.

FRICK, J.

The respondent, after stating the corporate capacity of the appellant Young Men's Consolidated Co-operative Mercantile Institution, and that the defendant Rockhill at all times mentioned in the complaint was a director and vicepresident of said corporation, in substance, alleged: That on a day stated a certain action was commenced in a justice's court by said corporation against one Joshua Gay, the husband of respondent upon a certain promissory note executed and delivered by said Gay to said Corporation for the sum of $99.35; that, when said action was commenced on said

note, there was due thereon from said Gay to said corporation the sum of $99.98; that the respondent, believing that said sum was due from said Gay, her husband, to said corporation, she offered to secure the payment thereof to said corporation by conveying to it by a proper deed of conveyance a certain parcel of land, which is duly described; that, pursuant to said offer, on the 5th day of July, 1906, she, by deed, conveyed said land to said corporation, and the said conveyance was made, and the said deed delivered by respondent, and received and accepted by said corporation, upon the expressed condition that said corporation should receive and hold the title to said land in trust for the respondent, and said corporation should sell the same for the best price obtainable therefor, but, in no event, for less than $300; that, when said land was sold as aforesaid, said corporation should retain, out of the proceeds of sale the sum of $99.98 as payment of said note, and should account for the balance of the proceeds of sale to respondent; that respondent did not know the value of said land, but said corporation and said Rockhill well knew that it was worth the sum of $500; that shortly after the 5th day of July, 1906, said corporation fraudulently and collusively pretended to pass the title to said land to said Rockhill by deeding the same to him for the sum of $300; that at the time of making said pretended sale and transfer of said land as aforesaid said corporation and said Rockhill knew that said land was worth in excess of $500; that on the 26th day of July, 1906, said Rockhill by deed transferred said property to one King for the sum of $500; that said respondent consents that said corporation shall retain the sum of $99.98 out of the proceeds of said sale, namely, the sale for said sum of $500; that she has demanded the difference between said $99.98 and said $500 from said corporation and said Rockhill, but that they have refused to account to her. Wherefore she prayed judgment that both of the appellants be required to account to her as before stated.

The appellants answered separately, and, after denying about all of the allegations contained in the complaint, they

set forth the transaction had with respect to the conveyance of said land between respondent and said corporation somewhat differently, and they claim that said Gay owed said corporation the sum of $198.70, for which amount it had obtained judgment against him when said conveyance was made by respondent, and further aver that they had tendered to respondent the difference between said sum and the said sum of $300, for which said corporation sold said land to the appellant Rockhill. Rockhill in his separate answer also denied any knowledge on his part with respect to the agreement entered into between respondent and his co-defendant corporation at the time of the transfer of said land by which said corporation agreed to account to said respondent for any balance due over and above the amount due from said Gay to said corporation.

The court, however, found the facts substantially as alleged in the complaint, with the exception that the court found that said corporation was entitled to the sum of $207.25 out of the proceeds of the sale of the land referred to in the complaint. The court also found that said land was conveyed by the respondent, and the same was received and accepted by said corporation in trust, as alleged in the complaint. The court with respect to said Rockhill's connection with said transation made the following finding: "That the said A. B. Rockhill, the defendant herein, by reason of his official connection with the defendant corporation, is chargeable with full knowledge and notice of the agreement between the said defendant corporation and the plaintiff, as hereinbefore set forth." It is also found that on the 21st day of July, 1906, the corporation sold the land in question to Rockhill for $300 and that on the 26th day of the same month and year Rockhill sold the same to one George A. King for $500. The court deducted from said sum of $500 the sum of $207.25, the amount found due by the court from said Joshua Gay to said corporation, and entered judgment against both said corporation and said Rockhill for the difference between the said last-named sum and the sum of $500, the amount for which the court found the

property was sold by Rockhill. Both said corporation and said Rockhill join in the appeal from said judgment.

The appeal is upon the judgment roll, without a bill of exceptions. Some time prior to the trial, the respondent moved the court to strike certain portions from both of the answers upon the ground of redundancy. The court, in ruling upon this motion, made an order "that the motion to strike out be granted in part." Appellants now insist that the court erred in said ruling, because it is impossible to say what was and what was not stricken from the answers. By an inspection of the motions, it is made clear just what respondent desired stricken from the answers. If in this case the court had stricken all that was in the motions asked to be stricken, the appellants would not have been prejudiced, for the reason that it would not have affected them in proving any material matter stated in their answers as a defense. In other words, the legal status of their answers, in so far as it affected their right to make proof of the matters therein alleged, was practically the same whether the court granted the motions to strike or not. This being so, and in the absence of an affirmative claim and showing that the court restricted appellants in proving their matters of defense, we cannot say that the court committed any error; at least, not any prejudicial error. In view of the foregoing observations, the mere fact that by an inspection of the court's order to strike out it is impossible to say what particular portions of what was included within the motions was stricken is of no consequence.

Another assignment relates to the finding which we have set forth in full, by which the court found that the appellant Rockhill, by reason of his relation to the corporation, must be held to have had knowledge of the trust agreement entered into between the corporation and respondent, and of the fiduciary relation existing between them with respect to the parcel of land and the funds to be derived therefrom, and by reason of having such knowledge imputed to him Rockhill is not a *bona fide* purchaser of said land. Counsel con-

tend that this was not a finding of fact, but a mere conclusion of law deduced from other facts. We think counsel are right in this contention, but cannot see what effect it would have upon the judgment whether the paragraph be treated as a finding of fact or as a conclusion of law. If the other facts found support the conclusion (and we think they do), it in legal effect makes no difference whether a conclusion of law is in one part or another of the findings and conclusions made by the court. Treating the finding as a mere conclusion of law, the question that arises is: Is the conclusion sound? Counsel for appellant insist that it is not. They contend that while in a particular sense, and for certain purposes, notice to the officers and directors of a corporation is notice to the corporation itself, that is so because the officers and directors are the agents of the corporation, but they insist that the converse of the proposition, namely, that notice to the corporation is also notice to the officer or director, is not true, because the corporation is not the agent of the officer or director. In view of the findings, it must be conclusively assumed that the parcel of land conveyed to the appellant corporation was by it accepted in trust to be sold for the "best price that could be obtained" therefor, but, in no event, for less than $300; that when sold so much of the proceeds as was necessary to discharge the debts of respondent's husband to said corporation was to be retained by it, and the balance was to be accounted for to respondent. The corporation, therefore, obtained the property for a special purpose. The purpose was twofold: (1) To secure the debt due from the respondent's husband to it; and (2) to sell the property for that purpose, but for the best price obtainable, and to hold respondent's share of the funds in trust for her, and to account to her for the same. The obligation of the corporation, therefore, was in the nature of a trust, and its relation to respondent and the fund was in the nature of a trustee, and we shall so treat it. The corporation in selling the property was bound to sell it for the "best price that could be obtained" therefor. If the property

was sold for a less price, the corporation would still be liable to respondent for the difference between what the property was actually sold for and what the corporation could have obtained for it. If the property in question, **6, 7** therefore, was sold for $500, as found by the court, on the 26th day of July, 1906, then that amount was obtainable for it on that date. It is contended that the land was sold by the corporation to Rockhill on the 21st day of July, 1906, for the sum of $300, and therefore the corporation is required to account for that sum only. For the reasons hereinafter stated, we cannot treat the transfer of the property to Rockhill as a sale, and hence we are of the opinion that the corporation is clearly liable under its trust agreement.

But is appellant Rockhill also liable to the respondent? The answer to this question depends upon two things, namely, Rockhill's relation to the corporation, and the character of the transaction by which it obtained title to the land in question. Rockhill's relation to the corporation was that of director and vice president. Whenever a corporation of this state exercises its powers, it must do so through the board of directors, since, under our statute (Comp. Laws 1907, section 324), all corporate powers are vested in and "shall be exercised by the board of directors." No doubt the majority of the board, when regularly convened, may exercise any of the corporate powers in the absence of the minority, and bind such minority if the acts of the majority are not *ultra vires* or in **8, 9** violation of some positive statute, or of some general law, or are void or voidable as against public policy. The minority is not only bound by the acts of the majority, but the minority members are charged with knowledge of all the legal corporate acts that are exercised as aforesaid. If, therefore, the majority acquires any property in trust, every director is charged with knowledge of the trust relation, and, as against the claims of those for whom the corporation became trustee, such member has and can acquire no better right to the trust property than the corporation has. In

this regard, it can make no difference whether the majority of the board of directors directly exercise the corporate power or authorize some agent to do so. The act is still the exercise of a corporate power of which every director as against strangers to the corporation, is assumed to have notice. In 21 A. & E. Ency. L. (2d Ed.), 896, the law upon that subject is stated in the following language:

"As a general rule an officer or director of a corporation is chargeable with knowledge of all matters relating to the affairs of the corporation which he actually knows or which it is his duty to know. Thus, in actions by strangers against an officer or director, the defendant will generally be charged with knowledge of all facts relating to the condition and business of the company which he might have known by the exercise of due diligence, whether actually known to him or not."

This text is sustained by the authorities: *Merchants' Bank v. Rudolf,* 5 Neb. 527; *Greenville Gas Co. v. Reis,* 54 Ohio St. 549, 44 N. E. 271. The last case, in principle, is precisely like the case at bar. In that case the corporation obtained certain bonds in trust. One of the directors subsequently purchased the bonds from the corporation, and in an action against him set up the claim that he knew nothing about the trust agreement; that he purchased the property in good faith for value and without notice. The court, however, brushes this claim aside, and holds that, as a director of the corporation, he must be held as having had knowledge of the trust agreement, although he was absent from the board meeting, and had no actual knowledge that the board of directors entered into the agreement. Under the court's findings in this case, when viewed in the light of the law applicable to them, the transaction by which Rockhill obtained title to the land in question on the 21st day of July, 1906, amounted to no more than to constitute him a trustee for respondent. The property which was theretofore held in trust for respondent by the corporation was after the transfer held in trust for her by Rockhill. The transaction of that date between Rockhill and the corpora-

tion of which he was a director, in so far as respondent was concerned, did not amount to a sale of the property for $300, nor did $300 represent the best price that could be obtained therefor. While respondent, no doubt, could have ratified that transaction as a sale and insisted upon receiving her share of the $300 as the price obtained therefor, yet she was not bound to do so and could do just what she did, namely, insist that the sale on the 26th day of July following for $500 represents the best price obtainable for the land. If the corporation had in fact sold the land on the 26th day of July for $500, we think no one would seriously contend that it did not represent the best price obtainable, and that respondent could insist that the corporation account to her upon that basis. As we have seen, Rockhill is in no better plight than the corporation, since he simply stands in its shoes, and, in so far as respondent's rights are concerned, is bound by the trust agreement the same as the corporation would be. The corporation could thus discharge its obligation only by complying with the trust agreement, and in doing so, would have to account to respondent for her proportion of the $500 which was the sale price for the property. Rockhill became a volunteer trustee, and has obtained and holds the fund derived from the sale of the land, and hence we can see no good reason for holding that he should not be required to account to respondent for the amount due her under the trust agreement in accordance with its terms, all of which the law assumes that Rockhill knew.

What we have said also covers the other assignments argued by appellants, and they thus require no further consideration. In our opinion the judgment of the lower court is right, and it therefore is affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.