## MERCHANTS' & MANUFACTURERS' SECURITIES CO. v. WRIGHT et al.

### No. 4005.

Court of Civil Appeals of Texas. Amarillo.
April 19, 1933.

Rehearing Denied May 17, 1933.

Cooper & Lumpkin, of Amarillo, for appellant.

Reeder & Reeder, of Amarillo, for appellees.

JACKSON, Justice.

This suit was instituted by the appellant in the district court of Potter county against the appellees R. L. Wright, Mary Alice Wright, executrix of the estate of S. H. Wright, deceased, T. E. Durham, and J. E. Griggs, to recover the sum of $8,291.54 with interest against the Wrights, and to foreclose a chattel mortgage lien against all of the appellees covering certain furniture which is fully described in appellant's petition.

The appellees answered by general demurrer and general denial.

The case was submitted to the court without the intervention of a jury and judgment rendered that appellant recover from R. L. Wright and Mary Alice Wright, executrix, $9,195.90, with interest and costs; but a foreclosure of the chattel mortgage lien was denied. From the judgment denying a foreclosure, this appeal is prosecuted.

The record discloses that the furniture covered by the chattel mortgage was purchased from the Amarillo Furniture Company by Mr. Fairey and placed in the Resident Hotel of Amarillo. That the consideration for the

furniture was $13,291.54, $5,000 of which was paid, leaving a balance of $8,291.54 payable in monthly installments of $460 each. That some time after the sale to Mr. Fairey, R. L. and S. H. Wright purchased from him the Resident Hotel and said furniture, assumed the balance of the unpaid purchase money therefor, and executed a mortgage to the Amarillo Furniture Company for the payment of said balance, which indebtedness, together with the mortgage securing the payment of same, was, for a valuable consideration, transferred to appellant by said furniture company. That the Amarillo Furniture Company was a corporation, and R. L. Wright and S. H. Wright, before his death, were directors and that J. E. Griggs was a director and vice president of said furniture company in 1929, which position he continued to hold until June, 1930. That he actively participated in the business of the corporation and had access to the books, records, and papers thereof and attended some of the meetings of the directors. That J. E. Griggs purchased the Resident Hotel from R. L. and S. H. Wright on April 17, 1930, together with all the furniture then in the hotel. He testified that he was a brother-in-law of the Wrights. That much of the furniture in said Resident Hotel did not bear the stock number of the articles described in the mortgage. That some of the articles had no stock number on them, and, based on these circumstances, stated that he did not have in his possession the furniture described in appellant's mortgage and that he had no knowledge of the mortgage executed to the Amarillo Furniture Company by the Wrights on said furniture and thereafter transferred to appellant.

The court finds that R. L. and S. H. Wright executed the mortgage sued on on September 25, 1929, and sets out a copy of the contract mortgage which describes the furniture in detail exactly as described in appellant's petition. He finds that on October 3, 1929, the furniture company transferred to appellant the debt and mortgage and that the mortgage was not filed in the county clerk's office until August 7, 1930, and not filed forthwith as required by the registration statutes of this state (see Rev. St. 1925, art. 5490). That J. E. Griggs purchased the Resident Hotel on April 17, 1930, from R. L. and S. H. Wright, together with the furniture in said hotel. That S. H. Wright is dead and that Mary Alice Wright is the duly qualified executrix of the estate of S. H. Wright, deceased.

In his judgment he recites: "It is further ordered, adjudged and decreed by the Court that the plaintiff herein, though having a valid, subsisting chattel mortgage lien upon the property hereinabove described, as against R. L. Wright and the estate of S. H. Wright, deceased, be and is hereby denied any foreclosure thereof as against the defendant J. E. Griggs, who is in possession of the furniture purchased on April 17, 1930," and decrees that T. E. Durham and J. E. Griggs go hence without day and recover their costs.

The record indicates that a foreclosure of the lien was denied because the mortgage was not filed forthwith and prior to the time that appellee Griggs purchased the Resident Hotel from the Wrights, together with the property located therein.

Whether or not the mortgage was filed with the county clerk would in no event defeat appellant's foreclosure of its mortgage lien against the Wrights.

If appellee Griggs, as he testified, had no knowledge, at the time he acquired the furniture, of the existence of the indebtedness and the mortgage given to the Amarillo Furniture Company and thereafter transferred to appellant, this would not place him in the position of an innocent purchaser for value. He was admittedly a director of the Amarillo Furniture Company and the vice president thereof during the year 1929 and at the time the mortgage was given to said company and by it transferred to appellant and at the time he acquired the furniture.

"Whatever knowledge a director has or ought to have in his official capacity, he is chargeable with as a private individual. This is similar to the rule which imputes to a corporation the knowledge of its officers. In particular the law charges the individual officer, not only with his actual official knowledge, but with all matters pertaining to the corporation of which he should have been officially cognizant." 11 Tex. Jur. 9, § 363. This text is supported by the holdings in College Park Electric Belt Line v. Ide, 15 Tex. Civ. App. 273, 40 S. W. 64; A. B. Seale v. Wm. R. Baker et al., 70 Tex. 283, 7 S. W. 742, 8 Am. St. Rep. 592.

"The law conclusively presumes that the directors of a corporation know its condition, its business, its receipts and expenditures and all the general facts which go to make up that condition and business, as shown by the entries on its regular books. The reason of this is that it is their duty to know these things in the exercise of their official functions. This doctrine is said to be one founded in public policy essential to the safety of third parties in their dealings with corporations and to the protection of the stockholders interested in the welfare and safe management of corporations." 3 Thompson on Corporations (3d Ed.) 779, § 2133.

The law imputes to the officer or director of a corporation buying property therefrom on his own account, notice of the action of the board of directors relative to such property, and actual knowledge of such action is not required. Greenville Gas Co. v. Reis et al., 54 Ohio St. 549, 44 N. E. 271. Gay v. Young Men's Consol. Co. Op. Merc. Inst. et al., 37 Utah, 280, 107 P. 237.

Appellee Griggs contends that the judgment should be affirmed because the testimony shows that he did not have in his possession any of the property covered by the mortgage appellant was seeking to foreclose. This contention cannot be sustained. The record discloses that the furniture involved was originally placed in the Resident Hotel. There is no testimony that any of it was ever removed, and we think a fair interpretation of the testimony of Mr. Griggs himself discloses that he did have in his possession in the Resident Hotel some of the articles described in appellant's mortgage.

The judgment is reversed, and the cause remanded.