## SO RELLE v. MAYFIELD.

### No. 4171.

Court of Civil Appeals of Texas. Amarillo. Feb. 26, 1934.

E. O. Northcutt, of Amarillo, and Cole & Porter, of Clarendon, for appellant.

Jas. O. Cade and Darrell L. Jackson, both of Amarillo, for appellee.

JACKSON, Justice.

This suit was instituted in the district court of Potter county by appellee to recover the sum of $1,500, interest and attorney's fees, evidenced by a promissory note given to him by appellant, and to foreclose a deed of trust lien on certain real estate.

The appellant answered by general denial, but admitted the execution of the note and deed of trust. He alleged as a defense that the consideration for the note was part of the price of 55 paid-up shares of the capital stock of the North Texas Machinery Company, a corporation, which he purchased from appellee for the sum of $3,850, $2,350 of which was paid and the balance evidenced by said note. That for the purpose of inducing him to purchase the capital stock in the North Texas Machinery Company and execute the note and deed of trust the appellee falsely and fraudulently represented to him that certain parties were indebted to the North Texas Machinery Company in the sum of $1,650, which constituted part of the assets of said corporation. On account of this alleged fraud he sought a cancellation of the note.

Appellant also pleaded failure of consideration, and in a cross-action sought to recover in addition to the cancellation of the note, certain damages for appellant's acts in incumbering the title to his real estate by filing a lis pendens notice.

No complaint is made here of the sufficiency of the allegation of fraud and misrepresentation.

To entitle him to the right to open and close the case, appellant withdrew his general denial and plea of failure of consideration.

In response to special issues submitted by the court, the jury found, in effect, that appellant was not entitled to recover any damages by reason of his cross-action; that during the negotiations leading up to the execution of the contract for the purchase of the capital stock, appellee represented to appellant that the Allis-Chalmers Company was indebted to the North Texas Machinery Company for the sum of $1,000, and that the $650 indebtedness of Corbett Keller to said company was collectible; that such representations were untrue and made to induce appellant to purchase the stock; that appellant did not know such representations were false and would not have purchased the stock had he so known; that at the time he executed the note and deed of trust he had the same opportunity of knowing that said representations were untrue as did appellee.

On these findings judgment was rendered that appellant take nothing by virtue of his cross-action and that appellee recover from him the sum of $1,938.75, principal, interest, and attorney's fees and the foreclosure of the lien on the real estate involved.

There is no appeal from the judgment denying appellant a recovery on his cross-action, but he attacks as erroneous the judgment rendered against him on the note and for a foreclosure of the lien, because every material issue on the question of fraud was found by the jury in his favor.

The record discloses that appellee was a stockholder and director of the North Texas Machinery Company and that appellant was a stockholder, director, and general manager thereof, and the court doubtless based the judgment in favor of appellee on the finding of the jury that appellant had the same opportunity of knowing the falsity of the representations on which he relied to defeat payment of the note as the appellee had.

The testimony indicates that while the appellant had been elected general manager of the North Texas Machinery Company, such position was held by him nominally only, and that he was not active in the management of the affairs of the corporation, which were conducted largely by appellee.

The law imputes to a director notice of the condition, business, receipts, and expenditures of the corporation, but this rule is for the benefit of third parties transacting business with the corporation and the protection of the stockholders in the management of the business. Merchants' & Manufacturers' Securities Co. v. Wright et al. (Tex. Civ. App.) 59 S.W.(2d) 1097. This implied knowledge, under the facts and circumstances indicated by this record, does not protect a director from perpetrating an actual fraud on his codirector. Robinson v. Aldredge (Tex. Civ. App.) 198 S. W. 413.

As quoted by the Supreme Court of Oklahoma in E. L. Halsell v. First National Bank of Muskogee, 48 Okl. 535, 150 P. 489, 492, L. R. A. 1916B, 697, Bigelow on Frauds, 523, says: "The proposition has now become widely accepted, at law as well as in equity, at least as general doctrine, that a man may act upon a positive representation of fact, notwithstanding the fact that the means of knowledge was specially open to him, although he had legal notice of the real state of things. It may be improbable that a man

resentation made in regard to it, but the improbability can be no more than a matter of fact."

See the Annotations following Halsell v. First National Bank, supra, page 703 of L. R. A. 1916B. See, also, Staker v. Reese, 82 W. Va. 764, 97 S. E. 641.

The testimony in support of the findings of the jury on the elements of fraud is very meager, but we do not feel warranted in saying that it was insufficient to warrant the verdict.

The judgment is reversed, and the cause remanded.