305 P.2d 503

H. KNIGHT and Orson Doyle Stilson, sometimes otherwise known as Orson Doyle, Plaintiffs and Appellants, and Respondents on Cross Appeal,

v.

FLAT TOP MINING CO., a corporation, et al., Defendants and Respondents and Cross-Appellants,

and

Loran Hunt et al., Defendants, Cross-Plaintiffs and Joint Appellants.

No. 8439.

Supreme Court of Utah.

Jan. 8, 1957.

Hanson & Ruggeri, Mark Hammond, Price, for appellants.

Gustin, Richards & Mattsson, Richfield, G. Hal Taylor, Salt Lake City, Duane A. Frandsen, Price, for respondents.

WADE, Justice. .

Plaintiffs and appellants herein brought this action to quiet title to certain un-patented mining claims located in Emery County, Utah, known as the Battle Mountain and Battle Mountain Nos. 1 to 4. The defendants, cross-plaintiffs and joint appellants herein were the locators of claims known as the Beehive and Beehive Nos. 2 and 3 which embraced the same areas as appellants' claims. The Flat Top Mining Co., one of defendants and respondents herein, claims the Battle Mountain claims Nos. 1 to 4 by virtue of conveyances to it of Flat Top claims Nos. 1 to 4 by its locators and successors in interest who had obtained a court decree quieting their title to Flat Top claims Nos. 1 to 4 in which the Beehive

claimants were named defendants and judgment obtained against them by default. Orson Doyle Stilson was one of the locators of the Flat Top claims Nos. 1 to 4 in 1949 and one of the persons from whom the Flat Top Mining Co. obtained its interest in the Flat Top claims Nos. 1 to 4. He was also the same person who located the Battle Mountain claims Nos. 1 to 4 in 1951 which claims were identical to Flat Top claims Nos. 1 to 4. These claims were located on a mountain or butte commonly known as Flat Top because its top which was about 2500 feet long and 600 to 800 feet wide was flat. These claims covered an area included in claims known as Flat Top Lode and Flat Top Lode No. 1, as well as some land not included therein. A precipitous cliff extends around this flat top and below the cliff the talus slope descends to the valley floor. There is a belt of uranium and vanadium impregnated sandstone which is visible from almost any point around this mountain or butte and this exposed ore was relied upon by the locators of the claims as the discovery of ore.

The court found that defendant and respondent Abe Glassman was the owner of Flat Top Lode and Flat Top Lode No. 1 subject to a right of possession for the purpose of mining and developing granted by him and others in a "Mining Lease Agreement" to the New Mexico Uranium Corp. and that the Consolidated Uranium Mines, Inc. also had an interest in these claims by reason of its agreement with its affiliate, the New Mexico Uranium Corp. who are also among the defendants and respondents herein. The court further found that the Battle Mountain claims Nos. 1 to 4 covered the identical area covered by Flat Top claims Nos. 1, 2, 3 and 4 and that as to the area in Battle Mountain claims Nos. 1 to 4 not embraced in Flat Top Lode and Flat Top Lode No. 1, appellants had located them in trust for the owners of that area of Flat Top claims Nos. 1 to 4. The court also found that at the time the Flat Top claims Nos. 1 to 4 were located the Beehive claims in the area which was not embraced in Flat Top Lode and Flat Top Lode No. 1, were in good standing and therefore that area was not open to location at that time.

Appellants contend that the court erred in finding that the Flat Top Lode and Flat Top Lode No. 1 claims were not forfeited and abandoned and that the Battle Mountain claims Nos. 1 to 4 were partially invalid and as to the valid part was subject to a trust in favor of the Flat Top Mining Co. They further contend that the court should not have precluded the locators of the Beehive claims from asserting their title in this action. We do not agree.

Although a great deal of the evidence introduced was controverted, there was evidence from which it could reasonably be found that one of the earliest locations of mining claims on the Flat Top Mountain was made by Cornelius Ekker and Mose Glassman in 1931 and was called the Flat ·

Top and Flat Top No. 1. The assessment work was not kept up on these claims and in 1937 they were relocated for Jeanette Glassman, a daughter of Mose Glassman, on the identical ground covered by the Flat Top and Flat Top No. 1 claims. The relocations were called Flat Top Lode and Flat Top Lode No. 1. In the latter part of 1937, Jeanette Glassman transferred her interest in these claims to her brother Abe Glassman. No assessment work was done on these claims until the first part of June 1940, when Cornelius Ekker and three of his sons for and on behalf of Abe Glassman did the assessment work by bringing a string of horses and fuses and caps and hand tools and repairing the pathway sufficiently to get to the claims. They also did some tunneling and mining in the developing of these claims. This all resulted in an expenditure of an amount sufficient to comply with the statute. These same people also did the same kind of assessment work for Abe Glassman in July, 1941. They failed to file the proof of labor for those years. However, no intervening claims were filed before the Ekkers did the assessment work in June, 1940 when these claims would have been open for relocation for failure to do the assessment work prior to that time. In December, 1940 there was an attempt to locate on the areas involved herein by a John Adams and one C. R. Hanks. For the years 1942, 1943, 1944, 1945, 1946, 1947, 1948 and 1949, notices of intention to hold were filed for Abe Glass-man by his attorney in fact and for the year 1949 a lessee of Abe Glassman's filed proof of labor. In 1950 these claims were leased to the Consolidated Uranium Mines, Inc. and there was evidence it did the assessment work on these claims for the year 1950–51 by repairing roads to be used in transporting the ore which was to be mined in these claims and also did some tunneling. In 1951 the Consolidated Uranium Mines, Inc. assigned its lease of these claims to its subsidiary, the New Mexico Uranium Corp. which did the assessment work for the year 1951–52. Proofs of labor were filed for these years.

■ Although there were periods of time between 1931 and 1940 when because of failure to do the required assessment work a forfeiture of the Flat Top Lode and Flat Top Lode No. 1 claims could have been established had there been a relocation, yet there was no relocation during those periods. It is well established that forfeitures are not favored and that failure to do the required assessment work does not ipso facto work a forfeiture but only renders the claims subject to loss if there is a relocation before work is resumed. See Ickes v. Virginia Colorado Development Corp., 295 U.S. 639, 55 S.Ct. 888, 79 L.Ed. 1627. From 1940 until 1952 the evidence disclosed that either the assessment work was actually done or that notices of intention to hold had been filed on behalf of the owner. True, no proof of

labor was filed for the years 1940 and 1941. However, failure to file proofs of labor where the work is actually done does not render claims subject to relocation. See Murray Hill Min. & Mill. Co. v. Havenor, 24 Utah 73, 66 P. 762. The fact that the owner of the claims did not do the assessment work himself but had others do it for him or that it was done by his lessees and their successors in interest, nor the fact that the notices of intention to hold was filed for him by an attorney in fact does not subject the claims to relocation. See Morgan v. Sorenson, 3 Utah 2d 428, 286 P.2d 229 and cases cited therein. It follows that the court did not err in finding that there had been no abandonment or forfeiture of the claims and that Abe Glassman was the owner.

Appellants' contention that the court erred in finding that the portions of Battle Mountain claims Nos. 1 to 4 which were not embraced in the areas covered by Flat Top Lode and Flat Top Lode No. 1 were subject to a trust in favor of the Flat Top Mining Co. is also not tenable.

Appellant Orson Doyle Stilson was one of the locators of Flat Top claims Nos. 1 to 4 and was one of the persons from whom the Flat Top Mining Co. derived its interest in these claims. He was also one of the plaintiffs in a suit to quiet title to these claims in which the locators of the Beehive claims covering the same area were made parties defendant. The Beehive claimants defaulted in that action and at the trial the plaintiffs produced evidence on which they based their rights to Flat Top claims Nos. 1 to 4, and the title thereto was quieted in them as against all the defendants therein. What interest the Flat Top Mining Co. has in these claims was derived from the plaintiffs in that action. As stated in 30 Am.Jur., 920, Sec. 178 of Judgments:

"It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, * * *"

The Beehive claimants having had an opportunity to defend their title to their claims in that case had they so desired and having failed to do so were precluded from relitigating the same issues in the instant case in so far as the rights of the same parties or their successors in interest are concerned. One of the issues necessarily involved in the other case to quiet title was the validity of the locations of Flat Top Nos. 1 to 4. Therefore the court in the instant case should not have admitted any evidence proving the invalidity of those locations and

it erred in finding that portions of the Beehive claims were in good standing at the time the Flat Top claims Nos. 1 to 4 were located.

In July, 1951, when Knight and Orson Doyle Stilson using the name Orson Doyle, relocated Flat Top Nos. 1 to 4 which were subject to relocation for failure to do the assessment work for that year, and named those relocations Battle Mountain Nos. 1 to 4, Orson Doyle Stilson was a co-owner with the other predecessors in interest of the Flat Top Mining Co. of Flat Top Nos. 1 to 4. Knight knew this as he also knew that the relocations were made for the purpose of defeating the rights of Orson Doyle Stilson's co-owners in Flat Top claims Nos. 1 to 4 and conspired with Orson Doyle Stilson to effectuate the purpose. As we have shown a failure to do assessment work does not ipso facto cause a forfeiture of unpatented mining claims but merely subjects them to loss if a location is made before work is resumed by the owners or locators. If a co-owner or locator resumes work or relocates before an actual forfeiture he cannot thereby deprive his co-owners of their rights. See Cadle v. Helfrich, 36 Ariz. 390, 286 P. 186. Nor will the rights of the co-owners be defeated because a third party participates in such action. See 58 C.J.S. Mines and Minerals, § 86 b, page 147 and Stevens v. Grand Central Min. Co., 8 Cir., 133 F. 28, 30, wherein the law as to co-tenants of mining claims is stated by the court as follows:

"The general rule that co-tenants stand in a relation to one another of mutual trust and confidence, that one will not be permitted to act in hostility to the others in respect of the joint estate, and that a distinct title acquired by one will inure to the benefit of all, applies with full force to the joint owners of a mining claim. A co-owner who amends the location notice, relocates the claim, or procures the issuance of a patent in his name, will not be permitted to thus exclude the other owners and appropriate the claim to himself, but will be declared to hold the right or title thereby acquired in trust for all. [Citations.] Nor will the trust be avoided or its enforcement be defeated merely because a stranger to the original claim participates with the unfaithful co-owner in the proceedings to wrongfully exclude his companions in interest, and jointly with him acquires the title to which they are entitled."

The court therefore did not err in finding that the portions of the Battle Mountain claims Nos. 1 to 4 not included within the area covered by Flat Top Lode and Flat Top Lode No. 1 were subject to a trust in favor of the Flat Top Mining Co. the successor in interest to the rights of the owners of Flat Top claims Nos. 1 to 4.

Affirmed.   Costs to respondents.

McDONOUGH, C. J., and WORTHEN, CROCKETT, and HENRIOD, JJ., concur.