326 P.2d 105

In the Matter of the Disconnection of Part of the Territory of the TOWN OF WEST JORDAN, Inc.

No. 8811.

Supreme Court of Utah.

June 3, 1958.

Robert B. Hansen, Salt Lake City, for appellant.

Hanson, Baldwin & Allen, Salt Lake City, for respondent.

WADE, Justice.

This is an appeal from an order of dismissal with prejudice against some petitioners in a suit to disconnect land owned by them from the territory of the Town of West Jordan, Inc. because they and the land they owned had been involved in another petition for disconnection, (Civil suit No. 112503 in the District Court of Salt Lake County) and severance had been granted. The court in the instant petition concluded that as to such petitioners this action involved the same parties and subject matter and therefore under the doctrine of res judicata they were barred from relitigating the matter.

Section 10-3-1, U.C.A.1953 grants to a municipal corporation upon petition of a majority of real property owners the power to extend the borders of its boundaries by annexing such properties. This power, however, is limited by Sections 10-4-1 and 10-4-2, U.C.A.1953, which grants to district courts upon the petition of a majority of real property owners in territory lying within and upon the borders of a municipal corporation to determine whether under the facts it finds justice and equity require that severance be granted.

It appears that when the Town of West Jordan determined to issue general obligation bonds in the sum of $750,000 for a sewer project, appellants were among petitioners who sought and were granted severance from the town upon the ground that the benefits they would receive from the project would not be commensurate with the obligations to which they would be subjected. About two weeks after this severance was granted, the Town Board of West Jordan passed an ordinance annexing territory including lands heretofore severed, as well as lands not included in the prior action. Thereupon, petitioners in the instant suit, among whom were appellants, filed a petition seeking to have a part of the same lands heretofore severed, disconnected for the same reasons given in the prior suit.

Appellants contend that the court erred in applying the doctrine of res judicata to them because (1) a disconnection proceeding is legislative and not judicial in nature and (2) their petition is not based on the same cause for action involved in the prior suit.

■ We cannot agree with appellants' first contention. While the changing of the territorial limits of a municipal corporation is primarily a legislative and not a judicial function,[1] the disconnection of lands under the provisions of Sections 10-4-1 and 10-4-2, U.C.A.1953 involve ascertainment of facts to determine the conditions upon which the law is to take effect and this is a judicial function.[2]

■ We are of the opinion, however, that appellants' contention that the doctrine of res judicata does not apply because the present petition is not based on the same cause of action involved in the prior suit is correct. As stated in 30 Am.Jur. Judgments, Sec. 363:

"A final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a

1. Plutus Mining Co. v. Orme, 76 Utah 286, 289 P. 132, and Application of Peterson, 92 Utah 212, 66 P.2d 1195.

2. Young v. Salt Lake City, 24 Utah 321, 67 P. 1066.

subsequent action involving the same claim, demand, and cause of action. If, however, the two suits do not involve the same claim, and cause of action, such effect will not be ordinarily given to the prior judgment. In this respect, it is worthy of notice that there must be not only identity of subject matter, but also of the cause of action, so that a judgment in a former action does not operate as a bar to a subsequent action where the cause of action is not the same, although each action relates to the same subject matter. * * *"

■ Appellants' right to petition the court for disconnection under the provisions of Sec. 10–4–1, U.C.A.1953 could not arise until their lands were annexed by the town when it passed the ordinance extending its boundaries to include them. When the town passed the ordinance and annexed the lands, appellants' right to petition for disconnection sprang into existence. Since the lands did not again become part of the territory of the town until two weeks after the severance in the prior action, their petition did not involve the same cause of action even though part of the subject matter was the same and the same reasons were given for desiring the severance. The situation here is analogous to the example given in the Restatement of the Law on Judgments, Sec. 61, Comment c, where it is pointed out that where there have been two batteries by and against the same person at different times the principle of res judicata does not apply because the transactions are different "even though under the pleadings in the first action evidence as to the second battery would have been admissible and would have sustained the first action."

■ Although the court in the prior action had found from the evidence presented to it that justice and equity required a severance and in the ordinary case where a judgment has been granted on issues which have been litigated between the same parties such issues under the doctrine of collateral estoppel [3] cannot be relitigated in a subsequent but different cause of action, this doctrine does not apply here because that doctrine does not have any bearing on the question here presented. That doctrine only applies where a question of fact essential to and determinative of the judgment is actually litigated and determined by a valid or final judgment which is conclusive as between the parties to a subsequent action on a different cause of action. Since this action is based on a new and different ordinance which necessarily requires the determination of essentially dif-

3. Restatement of the Law, Judgments, Sec. 68, comment a, and Knight v. Flat Top Min. Co., 6 Utah 2d 51, 305 P.2d

503. State v. Erwin, 101 Utah 365, 422–424, 120 P.2d 285, 311–313.

ferent facts from those determined in the previous action that doctrine can have no application to this case.

Another and controlling reason why respondent's position cannot be sustained is that in the former action the court severed the land from the city, but if we were to affirm the trial court's decision that appellants cannot maintain this action, the effect would be to overrule the previous decision and hold that appellants may not now assert the rights therein granted them. In other words, the effect which respondent claims for the previous decision in this case is that the city may take actions which completely nullify the severance decreed in that action, but because there was a former action appellants are forever barred from contesting the annexation of their property to the city because the court in the previous action determined similar issues in their favor. Such decision not being adverse to appellants' claim in this action does not have the effect of preventing them from maintaining this action. Such a holding would have the effect of reversing the decision which is now claimed to be determinative of this case. This strange result clearly demonstrates that the issues are different in the two cases.

Reversed. Parties to bear their own costs.

McDONOUGH, C. J., and CROCKETT, WORTHEN and HENRIOD, JJ., concur.