[S. F. No. 21855. In Bank. Dec. 23, 1965.]

ESTHER F. LOPEZ, Plaintiff, Cross-defendant and Respondent, v. GILBERT D. LOPEZ, Defendant, Cross-complainant and Appellant.

Oren, McCartney & Sells and Donald E. Oren for Defendant, Cross-complainant and Appellant.

Doty, Quinlan & Kershaw, Meux, Gallagher, Baker & Manock and Kendall L. Manock for Plaintiff, Cross-defendant and Respondent.

McCOMB, J.—Defendant appeals from an order of the superior court setting aside an interlocutory decree of divorce, a final decree of divorce, and a property settlement agreement.

*Facts*: Plaintiff wife and defendant husband stipulated in a divorce proceeding that under a property settlement agreement to be executed between them defendant would, among other things, agree to pay plaintiff $200 per month for her support and $300 per month for the support of the parties' minor child. No time limitation for such payments was specified.

It was also stipulated that upon reduction of the agreement to writing either party might apply to the court for a default hearing.

Thereafter, defendant's attorney drafted an agreement and submitted it to defendant, who was also an attorney. The draft provided, "Said payments [for plaintiff's support] shall continue until such time as said wife shall die or remarry."

Defendant inserted "or husband" after "said wife," so that the provision read, "Said payments shall continue until such time as said wife or husband shall die or remarry."

The agreement was then typed in final form (13 pages) in the office of defendant's attorney, who later left it in his

office to be picked up by plaintiff's attorney, with whom he had had previous dealings.

There was no letter of transmittal with the document, and nothing was done to call the attention of plaintiff's attorney to the fact that it provided for the termination of plaintiff's support payments on the death or remarriage of defendant.

Plaintiff's attorney checked the provisions pertaining to the division of community property and checked the properties described against the list that had been used at the time the stipulation was made. He did not notice that the provision regarding plaintiff's support payments called for the termination thereof upon the death or remarriage of defendant.

Plaintiff was given a copy of the agreement; and, relying upon her attorney and not fully understanding the terms of the agreement, she did not notice, either, that it provided for the termination of her support payments on defendant's death or remarriage.

Thereafter, at a default hearing the executed agreement was introduced in evidence by plaintiff, and it was approved by the court and incorporated into the interlocutory decree of divorce and subsequently into the final decree of divorce.

Shortly after the final decree was entered, defendant remarried. He then stopped making the payments for plaintiff's support, in accordance with the terms of the written agreement.

On plaintiff's motion, the trial court set aside the interlocutory decree, the final decree, and the property settlement agreement on the ground of fraud on the part of defendant and ordered defendant to pay plaintiff all sums that had accrued under the provisions of the oral stipulation, together with attorney's fees and costs.

 *Questions*: First. *Is it proper, after the time for appeal or other direct attack has expired, for a trial court to set aside or modify the property provisions of a decree of divorce on a showing of extrinsic fraud or mistake relating solely to such provisions, without vacating that part of the decree terminating the marriage relationship?*

*Yes.* The concept of divisible divorce is a part of the public policy of this state. (See *Hudson* v. *Hudson*, 52 Cal.2d 735. 739-743 [344 P.2d 295].) In *Hull* v. *Superior Court*. 54 Cal. 2d 139, 147-148 [13, 15] [5 Cal.Rptr. 1, 352 P.2d 161], we

said: "The concept of divisible divorce has become established in our law . . . If they [husband and wife] enter into an integrated property settlement which provides for support payments as well as property allocation the entire agreement is considered a property agreement [citations] and should be divisible *in toto* from the final dissolution of their personal status."

This is so even though a final decree of divorce has been entered. (Cf. *See* v. *Superior Court,* 55 Cal.2d 279, 280-281 [10 Cal.Rptr. 634, 359 P.2d 32].)

The fraud or mistake which would constitute a basis for modifying or setting aside any part of the decree, however, must be extrinsic. As stated in *Westphal* v. *Westphal,* 20 Cal.2d 393, 397 [1, 2] [126 P.2d 105] : "The final judgment of a court having jurisdiction over persons and subject matter can be attacked in equity after the time for appeal or other direct attack has expired only if the alleged fraud or mistake is extrinsic rather than intrinsic. [Citations.] Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court." (See also *Jorgensen* v. *Jorgensen,* 32 Cal.2d 13, 18-19 [1, 2] [193 P.2d 728] ; *Gale* v. *Witt,* 31 Cal.2d 362, 365-366 [1, 2] [188 P.2d 755] ; *Olivera* v. *Grace,* 19 Cal.2d 570, 575 [2] [122 P.2d 564, 140 A.L.R. 1328].)

Accordingly, after the time for appeal or other direct attack has expired, upon a showing of extrinsic fraud or mistake relating solely to the property provisions of a decree of divorce the trial court should set aside or modify those provisions only, leaving that part of the decree terminating the marriage relationship in full force and effect.

In the present case there was no evidence of extrinsic fraud or mistake insofar as either the interlocutory or final decree of divorce was concerned. Therefore, it was error to grant the motion to set aside such decrees.

Second. *Did the trial court err in granting the motion to set aside the property settlement agreement?*

*No.* At the hearing on the motion to set aside the divorce decrees and the property settlement agreement, the trial court found that extrinsic fraud had been perpetrated upon plaintiff by defendant.

As hereinabove indicated, before the property settlement agreement was executed, the parties had stipulated in open court that defendant would pay $200 per month for plaintiff's support and $300 per month for the support of the

parties' minor child. The stipulation did not specify a time limitation for such payments.

Thereafter defendant's attorney prepared the property settlement agreement and submitted it to defendant, who is an attorney. Defendant inserted the words "or husband" after the words "said wife" in a sentence relative to plaintiff's support payments reading, "Said payments shall continue until such time as said wife shall die or remarry."

The agreement was then submitted to plaintiff's attorney, who did not notice the words which had been added in the foregoing sentence. The wife likewise did not notice the insertion of such words.

Under the circumstances, the finding of the trial court that extrinsic fraud was committed upon plaintiff by defendant is supported by evidence in the record and is conclusive upon this court.[1] (*Primm* v. *Primm*, 46 Cal.2d 690, 694 [2] [299 P.2d 231].)

The order is reversed insofar as it sets aside the interlocutory and final decrees of divorce. In all other respects the order is affirmed. Plaintiff shall recover her costs on this appeal.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.

On January 19, 1966, the judgment was modified to read as printed above.

---

[1]The trial court took judicial notice of the fact that it is usual to include in a written agreement for support a provision that "payments shall continue until such time as said wife shall die or remarry," but not usual to provide that such payments shall terminate on the remarriage of the husband, and found that plaintiff's attorney was justified in relying on the stipulation made in open court and under the circumstances need not have expected any substantial changes between the stipulation and the written agreement.

The trial court further found that defendant anticipated that, in the absence of a letter or other communication pointing out any changes, plaintiff's attorney would fail to examine carefully the clauses considered "formal," that plaintiff herself, by reason of her upset and nervous condition, would be incapable of seeing the change, and that as a result, he would obtain a fraudulent, unfair and unconscionable benefit.