[Civ. No. 29853.  Second Dist., Div. Two.  Oct. 17, 1966.]

DOROTHY MEHRSTEIN, Plaintiff and Appellant, v. NOR-MAN MEHRSTEIN, Defendant and Respondent.

Thomas C. Lynch, Attorney General, Edward M. Belasco and Ernest S. Gould, Deputy Attorneys General, for Plaintiff and Appellant.

Ward & Heyler and Charles A. Druten for Defendant and Respondent.

FLEMING, J.—Appeal from a judgment terminating a husband's support obligation under the Uniform Reciprocal Enforcement of Support Act. (Code Civ. Proc., §§ 1650-1692, 9C U.L.A.)

The parties married in Florida in 1953 and separated in New York in 1958. They had no children. In 1963 the wife, a resident of New York, brought suit for support in New York under the uniform act against her husband, a California resident. After certification of the case by New York, the initiating state, to California, the responding state (Code Civ. Proc., § 1680), the Los Angeles Superior Court found the husband owed a duty of support to the wife and ordered him to pay her $40 a month. (Code Civ. Proc., §§ 1655, 1670, 1683.)

Subsequently, the husband filed a complaint for divorce in the Los Angeles Superior Court and obtained service of the summons and complaint on his wife by publication. On February 11, 1965, he secured by default an interlocutory judgment of divorce on the grounds of desertion and extreme cruelty under a decree which declared that the wife was not entitled to any sums for her support and maintenance. On February 16, 1965, the husband filed a motion in the Los Angeles Superior Court, presumably served on the District Attorney of Los Angeles County, for an order terminating the support payments previously ordered in the reciprocal proceedings. Under his motion he argued that the divorce decree established the fact of his wife's desertion, that a husband has no duty to support a wife who deserts him, and that consequently he was no longer obliged to support his former wife. The trial court granted his motion on the basis of this argument, and the wife, represented by the California Attorney General, appeals.

The Uniform Reciprocal Enforcement of Support Act provides a means for enforcing the support obligations of obligors located outside the jurisdiction in which the dependent spouse or children are present. (See, generally, 2 California Family Lawyer (Cont.Ed. Bar) pp. 1495-1538; Ehrenzweig, *Interstate Recognition of Support Duties*, 42 Cal.L.Rev. 382.) Enforceable support obligations are those "imposed or imposable under the laws of any state where the alleged obligor was present during the period for which support is sought or where the obligee was present when the failure to support commenced, at the election of the obligee." (Code Civ. Proc., § 1670.) In the present case, the laws of both California and New York imposed an obligation of support on the husband, an obligation properly enforced by the California court in its original order. The question before us is the effect of the subsequent divorce decree on the earlier reciprocal support order, the wife contending that the husband's duty of support could not be terminated in a divorce

proceeding by a court which lacked personal jurisdiction over her.

The concept of divisible divorce is now well established. (*Hudson* v. *Hudson,* 52 Cal.2d 735, 739-743 [344 P.2d 295] ; *Lopez* v. *Lopez,* 63 Cal.2d 735, 737-738 [48 Cal.Rptr. 136, 408 P.2d 744] ; *Hull* v. *Superior Court,* 54 Cal.2d 139, 147-148 [5 Cal.Rptr. 1, 352 P.2d 161].) Under this concept an ex parte divorce decree affects the marital status of the parties but not their property rights. Divorce proceedings in which the court has not obtained personal jurisdiction over both parties may not prejudice the property rights of the absent spouse. (*Hudson* v. *Hudson,* 52 Cal.2d 735 [344 P.2d 295] ; *Hull* v. *Superior Court,* 54 Cal.2d 139, 147-148 [5 Cal.Rptr. 1, 352 P.2d 161] ; *Weber* v. *Superior Court,* 53 Cal.2d 403, 405 [2 Cal.Rptr. 9, 348 P.2d 572].) In this case, the wife never lived in California, was not personally served with process in California, and did not enter a personal appearance in the divorce action. Her participation in the reciprocal proceedings did not subject her to the general jurisdiction of the California courts, for the act specifically states that participation in any proceeding under its title does not confer jurisdiction over the parties in any other proceeding. (Code Civ. Proc., § 1690.) Accordingly, while the divorce decree could dissolve the wife's marital status, it could not affect her existing right to support. (*Vanderbilt* v. *Vanderbilt,* 354 U.S. 416, 418-419 [1 L.Ed.2d 1456, 77 S.Ct. 1360] ; *Hudson* v. *Hudson,* 52 Cal.2d 735, 745 [344 P.2d 295] ; *Hull* v. *Superior Court,* 54 Cal.2d 139, 147 [5 Cal.Rptr. 1, 352 P.2d 161].)

The husband argues that the divorce decree effectively terminated his duty of support, because the reciprocal support order was equivalent to an order for separate maintenance, and separate maintenance is dependent on the continuation of the marital status, which, however, was terminated by the California divorce. We find this logic unimpressive. The uniform act defines "duty of support" to include "any duty of support imposed or imposable by law, or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, judicial separation, separate maintenance or otherwise." (Code Civ. Proc., § 1653, subd. (6) ; Uniform Reciprocal Enforcement of Support Act, § 2, 9C U.L.A.) The term "support" is used in a general sense and includes necessaries during marriage (Civ. Code, §§ 155, 174-176), separate maintenance during legal separation

(*In re Lazar,* 37 Cal.App.2d 327, 332 [99 P.2d 342]), and alimony or child support after divorce (Civ. Code, § 139; *Mueller* v. *Mueller,* 44 Cal.2d 527, 532 [282 P.2d 869].) The prior order of support was unaffected by the ex parte divorce. (*Hudson* v. *Hudson,* 52 Cal.2d 735, 745 [344 P.2d 295].)

The husband contends, however, that the ex parte divorce decree established at a minimum that the wife deserted him, and under the doctrine of collateral estoppel she may not now attack this finding. Since a husband is not obliged to support a wife who deserts him, the husband concludes that his duty of support has been ended by the decree. (Civ. Code, § 175.) ■ This argument again ignores the basic concept of divisible divorce—that while ex parte decrees may dissolve the marital status of the parties, they have no effect on property rights of a spouse not personally subject to the jurisdiction of the court which rendered the decree. The court in the earlier reciprocal support litigation had weighed the testimony of both parties in an adversary proceeding and found an answer to the question who had deserted whom. A subsequent ex parte divorce decree could not annul that determination. ■ While a support order is always subject to modification on a showing of changed circumstances (*Worthley* v. *Worthley,* 44 Cal.2d 465, 468-474 [283 P.2d 19]; Code Civ. Proc., § 1682), there was no attempt in the present case to make such a showing, for the record shows the trial court proceeded solely on the basis of the husband's argument that the divorce decree legally terminated his obligation of support.

The judgment is reversed. (*Ehrenreich* v. *Shelton,* 213 Cal.App.2d 376, 378-379 [28 Cal.Rptr. 855].)

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied November 10, 1966.