431 P.2d 133

**Barbara Ann FARLEY, Plaintiff and Respondent,**

**v.**

**Ross E. FARLEY, Defendant and Appellant.**

**No. 10567.**

Supreme Court of Utah.

Aug. 16, 1967.

Parsons, Behle, Evans & Latimer, Keith E. Taylor, Gordon L. Roberts, Salt Lake City, for appellant.

Paul M. Hansen, Ogden, for respondent.

CALLISTER, Justice:

This is an action brought by plaintiff-respondent to modify an original divorce decree. The trial court granted respondent's motion and amended her prior divorce decree to provide for distribution of a vested remainder in certain real property to her, or in the alternative granting her a money judgment equal to the appraised value of the real property as of the date of October 3, 1958, the date of the original decree. Defendant-appellant seeks to have the decree of modification reversed and to have the action dismissd.

On October 3, 1958, the Third Judicial District, State of Utah, awarded a decree

of divorce to respondent, Mrs. Farley. The judgment awarded custody of the two children of the parties to respondent, with visitation rights to appellant. The court confirmed appellant's ownership of all his business assets and ordered him to pay $200 per month child support and $175 per month alimony. The proceeds of the sale of the family residence were divided equally between the parties; the respondent received the household furniture, and appellant received the family automobile. Savings in the form of insurance on appellant's life were retained by him. The court further found that appellant owned approximately 41½ acres of real property situated in Sacramento County, State of California. The appellant was ordered to convey half of this property to respondent as trustee to hold the property in trust for the education and further support of their minor children. The court ordered that respondent convey the corpus of the trust estate and all accumulations and additions thereto in equal shares to the minor children or the survivor of them, when the youngest attains or would have attained the age of 18 years.

Subsequently, the following events occurred: The appellant refused to convey the California real property and was ordered to show cause. On February 23, 1961, he was held in contempt of court. Appellant also refused to pay alimony and child support as ordered and as of January 3, 1961, his total past due payments were in the sum of $5,425. Appellant disposed of his Utah business interests for $61,293.73. Appellant was held in contempt of court for his failure to pay alimony and support payments. On February 23, 1961, the court appointed a receiver to receive and disburse payments from the sale of appellant's business interest and thus to insure that respondent received the alimony and support payments ordered to be paid.

Some time after the divorce decree, both parties moved to California. On June 18, 1959, respondent filed an action in California to establish and enforce the Utah decree and to quiet title to the real property here involved. On August 11, 1959, appellant filed a similar quiet title action to the same property, and the two actions were consolidated for trial. The California trial court confirmed the divorce decree except for the provisions relating to the aforementioned disposition of the California realty. The court quieted appellant's title to the real property subject to a lien upon it for alimony and child support. From this decision an appeal was taken to the District Court of Appeal in and for the Third Appellate District for the State of California.

The appellate court held [1] that the Utah decree is valid and entitled to full faith and credit to the extent that it serves the purposes of financing the educational and support needs of the children during their

1. Farley v. Farley, 227 Cal.App.2d 1, 38 Cal.Rptr. 357 (1964).

minority. However, the court concluded that the Utah decree, insofar as it directed conveyance of the land, its proceeds or income to the children upon their reaching adulthood, exceeded the jurisdiction of the Utah court and is vulnerable to collateral attack in Utah and not entitled to full faith and credit in California.

The court explained that the collateral attack on the Utah court's jurisdiction is in the limited sense of the term, i. e., the court lacked power to give the particular relief it did. The court observed that the portion of the Utah decree covering the Sacramento County property is entitled to full faith and credit if it is valid in Utah; if void for lack of jurisdiction and subject to collateral attack in Utah, it is not binding in California. Its vulnerability to collateral attack in Utah is controlled by Utah law.

The court stated:

* * * The cited Utah cases convince us the decree is valid to the extent that it serves the above purposes during the children's minority. The decree goes farther, however. It effectively divests Mr. Farley of all interests in the land for the purpose of vesting it, or its remaining proceeds, in the children when they reach adulthood. The Utah court has attempted an inter vivos disposition of the husband's estate for the benefit of his adult children. No Utah case has been brought to our attention which lends direct or inferential support to such a disposition upon di-

vorce; nor in our view, may the broad language of the Utah statute be stretched to such an extreme.

Absent a Utah statute or decision covering the case, we presume that Utah law is harmonious with that of California, thus looking to our own law for a solution. [Citation omitted.] In California such a disposition of the husband's estate exceeds a divorce court's power. [Citation omitted.] The Utah statute and Utah decisions lend no support to this award; the presumption of parallel doctrines impels its rejection. We conclude that the award exceeds the jurisdiction of the Utah courts to the extent that it decrees transfer of property or money to the children when they reach adulthood. The lack of jurisdiction appears on the face of the Utah decree.

Utah law, like that of California, has it that a judgment may be collaterally attacked when it discloses on its face an order in excess of jurisdiction. * * *

On the basis of this decision, appellant was directed to convey the property to respondent as trustee for the children during their minority. Since that portion of the Utah decree which directed conveyance to the children on their attaining their majority was void, the remainder interest in the property was quieted in appellant.

Subsequently, in an action before the California courts, appellant succeeded in

having respondent's alimony payments reduced from $175 to $100 per month. On March 11, 1965, appellant made a motion before the Utah court to establish the California proceeding to reduce respondent's alimony. The Utah court, after a hearing, gave full faith and credit to the California decree and consequently reduced the alimony accordingly. The respondent in response to appellant's motion and notice prayed that the court modify its original decree and awarded to her as her separate property the remainder interest in the California realty.

The hearing on respondent's motion was continued so that the court might examine the California transcript and records to determine whether the same issue had been submitted to the California courts and was res judicata. The hearing was before the same judge who had rendered the original decree. The court recalled that it had originally intended to award one half of the California realty to the wife as her separate property, but that at the request of the husband to insure the use of the property for the benefit of the children, the restrictions on the award were imposed. The court observed that since the California court had determined the previous disposition partially invalid, it was of the opinion that it now had the power to amend the prior decree and to provide a distribution of the property in accord with the court's original intention.

The trial court found that the California courts did not purport to redetermine the marital property rights in the sense of determining a vital issue of a divorce decree. The California courts merely examined the Utah decree as it was entered and determined its validity. The record indicated that neither party presented the issue of the division of the marital property. The wife's action was to enforce the Utah decree, and the husband's action was to quiet title to the California property. The trial court concluded that the California courts did not judicially act to determine marital property rights as it would in a divorce action and that the question had never been presented by the parties here involved to the California courts.

The court concluded as a matter of law that it had continuing jurisdiction over divorce matters under Utah law and that it had jurisdiction to amend and correct the decree previously entered with respect to that portion held invalid by the California courts. The trial court concluded that it may give judicial recognition to the action taken by the California courts in holding a portion of the decree invalid; and that the court therefore has jurisdiction to provide for the property division as was originally intended by the court, based upon the hearings then held. The trial court then found as a matter of fact and concluded as a matter of law that it had originally intended that one half of the California property should

be distributed to the wife, in fee, as her separate property without restrictions.

The court further noted that the defendant (appellant) had invoked the jurisdiction of the Utah court when he moved it to reduce the alimony payments. The court noted that defendant, in response to plaintiff's motion, appeared in opposition thereto. Therefore the court had jurisdiction over the parties.

The court ordered, adjudged, and decreed: that, in substitution of the invalid provisions, on termination of the trust, the respondent shall hold the California property as her sole and separate property, in fee, without restrictions of any type. The court further ordered that if for any reason the conveyance to the respondent is not permitted by the California courts, the appellant shall pay a sum of money equal to the appraised value of the property as of the date of October 3, 1958, the date of the original decree. If the parties cannot agree on the appraised value, the court shall appoint a real estate appraiser to determine the value.

Appellant first contends that the court erred in awarding the remainder interest of the real property to respondent, since the matter had been completely adjudicated in the prior California proceedings and was res judicata.

The litigation in California involved the establishment of the Utah divorce decree as a basis to quiet title to the property in the respondent as trustee for the children of the parties during their minority and a remainder interest in the children on the younger attaining the age of 18 years. The California court held in effect that the portion of the Utah decree distributing the remainder interest to the children was void.[2]

■ If a judgment be void, it is open to collateral attack. "* * * Such a judgment has no effect on property interests which are the subject matter of the proceeding, and will not affect the existence of a status where this is the subject matter of the proceeding. * * *" Restatement of the Law, Judgments, § 11, g, p. 69.

■■ The proceeding in California was to determine the existing title to the property and the validity of the adverse claim pursuant to the Utah decree. Insofar as a judgment is void, it does not affect title, confers no rights upon the one obtaining it, and creates no liabilities upon the one

2. In Allison v. Allison, 188 Kan. 593, 363 P.2d 795, 801 (1961), the court held that the part of a divorce decree which attempts to transfer any property of either parent to the children for the purpose of creating an estate for their permanent benefit is wholly void and open to collateral attack. Also see 162 A.L.R. 1089, 1090, to the effect that it is beyond the power of the court to make provision out of the property of the parties, or either of them, for the maintenance of children who are of age, and whom the parents are therefore not bound to support. A judgment so holding is void and subject to collateral attack.

against whom it is rendered.[3] Therefore, the invalid portion of the decree could have no effect on the existing status of the property, and the California court was compelled to quiet title to the remainder interest in the property in the appellant.

Appellant claims that the California litigation was a final and conclusive determination of the marital property rights of the parties, and that the respondent's motion for an award of the property is res judicata.

* * * A judgment in an action to quiet title is conclusive only upon the parties thereto and their privies in estate. * * *[4]

Respondent's participation in the California litigation in regard to the property was in her capacity as a trustee for the minor children, she could not assert a claim for the award of the property as her separate estate in direct conflict with her children's claim.

* * * One who is a trustee cannot purchase or deal with the subject of the trust nor place himself in an attitude antagonistic to the trust. * * * This rule is unyielding and a trustee may not, under any circumstances, be allowed to have any dealings in the trust property with himself or acquire any interest therein. * * * It is a trustee's duty in all things to first consider and always to act for the best interests of the trust. * * *[5]

Where a judgment is rendered for or against a person who is a party to the action solely in a representative capacity or who is otherwise acting solely for the benefit of another, of which fact the other party to the action has notice, the rules of res judicata do not apply in a subsequent action in which he is a party and is acting solely on his own account, except where he takes a position in the subsequent action inconsistent with that which he took in the first action. [Restatement of the Law, Judgments, § 80 (2), p. 360.]

The California litigation is final and conclusive solely as to the interests of the children in the property. The California court observed that the provision in excess of jurisdiction affected only the husband's relationship with his children and was not for the wife's benefit at all.[6] The marital rights to the remainder interest in the property were not and should not have been in issue in the California litigation.

---

3. Restatement of the Law, Judgments, § 93 (c), p. 463.
4. Kuenzel v. Grettenberg, 88 Cal.App.2d 656, 199 P.2d 732, 733 (1948); also see Knight v. Flat Top Mining Co., 6 Utah 2d 51, 55, 305 P.2d 503 (1957).

5. Toedter v. Bradshaw, 164 Cal.App.2d 200, 330 P.2d 688, 693 (1958).
6. Farley v. Farley, 227 Cal.App.2d 1, 38 Cal.Rptr. 357, 363.

The present litigation is not a conventional motion for modification of a divorce decree because of changed circumstances. Respondent's motion is, in essence, a direct attack on the judgment. "The taking of proceedings in the action in which a judgment is rendered to have the judgment vacated or reversed or modified by appropriate proceeding either in the trial court or in an appellate court is a direct attack upon the judgment. * * *" Restatement of the Law, Judgments, § 11, a, p. 65.[7] Since the California court held that the Utah judgment was subject to collateral attack, respondent has the right to move the Utah trial court to vacate its judgment as void.[8] This action would leave respondent's prior suit pending, with a reinstatement of the original pleadings for an equitable distribution of the California prop-

erty, and she could proceed for the purpose of obtaining a valid judgment.[9]

The trial court has jurisdiction of the subject matter [10] and of the parties by the voluntary appearance and participation in the litigation.[11] The portion of the judgment which was void was severable, so that the remaining portion affecting the status of the parties and settling their other property interests was valid and res judicata.[12]

It should be observed that the portion of the decree which was void was not res judicata, and the original cause of action was not merged in the judgment insofar as the void portion distributing the remainder interest of the property was involved.

The trial court correctly concluded that it had jurisdiction, the power to vacate the

---

7. Also see Intermill v. Nash, 94 Utah 271, 279–281, 75 P.2d 157 (1938).

8. Rule 60(b) (5), U.R.C.P.

9. See Bass v. Hoagland, (C.A.5th, 1949), 172 F.2d 205, 12 F.R.Serv. 55 a .22, Case 1, cert. den. (1949) 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494; also Moore's Federal Practice § 60.25 [3], pp. 273–274, note 20.

10. Smith v. Smith, 68 Nev. 10, 226 P.2d 279, 283 (1951), the court stated: " * * * the theory applied by most of them in cases attacking a judgment previously rendered by the same court in the same state is that the judgment constitutes a res within the state and that the proceeding to set it aside is one in rem. * * *"

11. "After the court has rendered a final judgment, it cannot without notice (un-

less, of course, the adverse party submits to the jurisdiction) proceed on a motion for relief under Rule 60(b), set aside the judgment, and enter a new and different judgment. If it does, the latter judgment is void." 7 Moore's Federal Practice, § 60.25 [3], p. 271.

12. " * * * It has been held that a judgment in excess of the relief authorized is void only as to the excess. * * *" 49 C.J.S. Judgments § 450, p. 882. Also see Lopez v. Lopez, 63 Cal.2d 735, 48 Cal.Rptr. 136, 408 P.2d 744, 746 (1965), where the court stated that the concept of a divisible divorce has been accepted by the courts; so that the trial court may set aside or modify the property provisions of a divorce decree without vacating that part of the decree terminating the marriage relationship.

void portion of its judgment, reinstate the original pleadings, and render a valid judgment distributing the remainder interests in the California property equitably between the parties.

Appellant contends that Utah law precludes modification of a divorce decree, respecting property rights, where such modification purports to dispose of properties not included in the property settlement of the original decree. In the alternative, he argues that modification of a property settlement is allowed by the Utah courts in only the most extreme and unusual circumstances, which circumstances do not exist in this case.

■ Appellant's argument would be in point, if a portion of the judgment were not invalid, and the matter were res judicata. Concerning the first part of his argument, the respective rights in the marital property were properly before the court, and the court made a void disposition, which neither affected the title nor conferred any rights nor created any liabilities.

■ His argument in the alternative is applicable where a modification of a final judgment is requested because of changed circumstances. The proceeding in the instant case is in essence a direct attack on a void portion of a decree, seeking a modification thereof, and any change of circumstances would be irrelevant. Under the unique circumstances of this case, since the court has jurisdiction in the fundamental sense, and the jurisdictional defect was premised solely on its distribution of property in a manner beyond its power, its vacation of the void portion would leave the suit pending. The court could then proceed, with proper notice to the parties, to render a valid judgment.

Appellant contends that the trial court erred by not following California law in its determination of the proper disposition of the real property, since its situs is in California.

■ It should be observed that the trial court granted the award in the alternative, either one half of the property or a money judgment based on the value of the property as of the date of the original decree. In Farley v. Farley, 227 Cal.App.2d 1, 38 Cal.Rptr. 357, 361–362, the court held that the proper law to apply in determining the validity of the distribution of the property was that of Utah. The court stated that California will give res adjudicata effect to the decree of a court of another state which, with the parties before it, directs a conveyance of California real estate.

The appellant's argument about California's numerous contacts would be of greater persuasion if the present proceeding were a modification of a final judgment rather than a modification of a void portion of a judgment, with a restoration of the original

pleadings, and a disposition of the property based thereon.

Appellant would take advantage of the Utah law as far as the award of all the business assets to him, which matter is res judicata; and then demand that California community property law be applied to defeat respondent's claim for any of the remaining marital property.[13]

 Finally appellant claims that the trial court erred in refusing to dismiss the case on the ground of forum non conveniens. His argument is premised entirely on his erroneous characterization of this case as a modification of a final divorce decree because of changed circumstances. The proper forum for a direct attack seeking modification of a void judgment is the court that initially rendered it. Furthermore, this court is not unmindful of the fact that appellant sought the aid of the Utah courts for the relief he both desired and accepted; yet, contemporaneously, he denies that Utah has any contacts with the parties which would merit its courts entertaining litigation between them.

Judgment of the trial court is affirmed. Costs to respondent.

CROCKETT, C. J., and HENRIOD, TUCKETT and ELLETT, JJ., concur.

13. The business assets were acquired during coverture; the California property was acquired prior to his marriage to respondent.