495 P.2d 313

STATE of Utah, Plaintiff and Respondent,

v.

Ronald Albert ABRAM, aka Ronald A. Rasmussen, Defendant and Appellant.

No. 12609.

Supreme Court of Utah.

March 23, 1972.

Jim R. Scarth, and Darwin C. Fisher, of Pickett, Scarth & Wright, St. George, for appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for respondent.

TUCKETT, Justice:

Defendant was found guilty in the District Court of Washington County of a violation of Chapter 60 of Title 77, Utah Code Annotated, 1953, as amended. After a trial was had a jury found the defendant to be the father of an illegitimate child born to the prosecutrix. From the judgment of conviction the defendant appealed to this court.

The defendant is here seeking the reversal of the conviction upon four assignments of error. It is the defendant's contention that the Legislature having passed a Uniform Act on Paternity which is Section 78–45a–1, et seq., in the year 1965, which is a civil remedy to compel support and expenses incurred for the maintenance, education and the confinement incidental to the birth of a child born out of wedlock, it thereby superseded the provisions of the bastardy statute, therefore the proceeding against him under the prior statute denied him equal protection of the law. As a second assignment the defendant contends that the Legislature by adopting the Uniform Act of Paternity by implication repealed the bastardy statute. Both of these assignments of error were dealt with in a recent decision of this court entitled State v. Judd [1] which was handed down January 24, 1972, and decided adversely to appellant's contentions.

The defendant's third assignment of error deals with a letter which the court admitted in evidence over his objection. The letter in question was typewritten and no signature appeared thereon. The letter was addressed to and received by the mother of the prosecutrix and was mailed from Provo, Utah, where the defendant was attending school. The contents of the letter dealt with a number of facts which were the subject of conversations between the defendant and the mother while they were in each other's presence and by telephone. The trial court was of the opinion that the defendant's authorship of the letter was adequately shown by other evidence some of which was circumstantial.

1. 27 Utah 2d 79, 493 P.2d 604.

We are of the opinion that receiving the letter in evidence was not error. The genuineness of a letter may be established as any other material fact by circumstantial evidence. If the tenor of the letter and its subject matter supply a connecting link with other communications between the purported sender and the addressee, its admission in evidence is justified. Admission of the letter was not erroneous.[2]

■ As a fourth claimed error defendant claims that it was error for the court to restrict his cross-examination of the prosecutrix respecting her opportunity to have had sexual relations with other men beginning with June 1, 1969. The record shows that the child was born on June 22, 1970. It would not seem that court's restriction was prejudicial to the defendant and this is especially true in view of the fact that the defendant proffered no evidence of the prosecutrix having sex relations during the period of gestation with anyone other than the defendant.

The record does not reveal any errors which would justify this court in reversing. The verdict and judgment of the court below and the decision of that court are affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT, and CROCKETT, JJ., concur.

2. 9 A.L.R. 985; Jones on Evidence, V. 3, Sec. 536.