**Tracy BROWN, Plaintiff and Appellant,**

v.

**Dannie MARRELLI, Defendant and Respondent.**

**No. 13348.**

Supreme Court of Utah.

Oct. 7, 1974.

Robert B. Hanse, Salt Lake City, for plaintiff and appellant.

Summer J. Hatch of Hatch, McRae & Richardson, Salt Lake City, for defendant and respondent.

TUCKETT, Justice:

On April 13, 1973, the plaintiff commenced these proceedings in the district court pursuant to the provisions of Title 78, Chapter 45a, U.C.A.1953, as amended, which is known as the "Uniform Act On Paternity." The plaintiff claims that the defendant is the father of her child born out of wedlock and seeks an order of the court compelling the defendant to pay the hospital and medical expenses necessitated by the birth of the child and a monthly sum for the support of the child.

Prior to these proceedings the plaintiff here was the complainant in bastardy proceedings filed by the prosecuting attorney pursuant to the provisions of Chapter 60, Title 77, U.C.A.1953. In those proceedings the defendant here was held to answer the charge and a trial was had in the district court, which concluded on December 11, 1972, and the defendant was found not guilty of being the father of the plaintiff's child. The defendant moved the court to dismiss these proceedings on the grounds that the verdict in the prior case was res judicata as to the parties and privies and

binding upon the plaintiff. The court granted the defendant's motion and from that ruling the plaintiff appeals.

■ It is the practice in this jurisdiction to try bastardy cases as civil matters rather than criminal even though the cases are brought in the name of the State and the public prosecutor is charged with handling those matters.[1] In those proceedings the parents of Tracy Brown, the plaintiff herein, employed special counsel to assist the prosecutor. The record indicates that the plaintiff was advised that she might proceed under the bastardy statute, or that she could file civil proceedings under the Uniform Act On Paternity. Prior decisions of this court have held that the bastardy act and the paternity act are alternative remedies.[2] The plaintiff having elected to proceed under the bastardy statute which culminated in finding that the defendant was not the father of her child precludes her from seeking in this proceeding to have that issue again determined. We conclude that the ruling of the trial court is correct.

The defendant urges this court to dispose of this appeal on procedural grounds in that the plaintiff and appellant here failed to comply with Rules 73 and 75, Utah Rules of Civil Procedure, in that she failed to take the steps necessary to comply with those rules in perfecting this appeal and unnecessarily delayed the perfection of the appeal to this court. There is merit to the respondent's position, but the court having disposed of the matter on its merits we do not deal with this assignment.

CALLISTER, C. J., and HENRIOD and ELLETT, JJ., concur.

CROCKETT, Justice (concurring, but stating reservations):

I concur with the affirmance of the judgment of the trial court on the ground that under the particular facts of this case the prior bastardy proceeding can properly be considered res adjudicata. The plaintiff, who was the prosecutrix and real party in interest there, is here attempting to pursue the other alternative of *her* remedy. Also supporting the judgment, and even more important to me, is the fact that this proceeding is grounded upon the contention that the prior one was not properly conducted and that she did not have adequate counsel, which really amounts to an attempted collateral attack upon the judgment.

But I do not desire to be understood as agreeing, and I trust the main opinion will not be so understood, that there may not be some circumstances in which a public agency, or other person, who provides or has provided sustenance for a necessitous child, would not be so prevented by res adjudicata from suing a putative father (suppose, for example, the evidence to be ever so strong, including admissions of paternity) because there had been a prior bastardy proceeding. That proceeding, brought by the State, necessarily involved other parties. Whereas, as a general rule, the doctrine of res adjudicata applies only when the parties, and the issues, involving the same cause of action, are the same as in the prior adjudication.[1]

Chapter 158, S.L.U.1965, creates an entirely new and separate cause of action for the support of a child, solely for his benefit, and to be enforced on his behalf. Section 1 of that act (78–45a–1, U.C.A.1953, Pocket Part) provides:

> Obligations of the father.—The father of a child which is . . . born out of wedlock is liable to the same extent as the father of a child born in wedlock. . . . [for all reasonable expenses, etc.]

Section 2 of the act (78–45a–2), provides that it may be enforced by the mother, the

---

1. State v. Reese, 43 Utah 447, 135 P. 270.

2. State v. Judd, 27 Utah 2d 79, 493 P.2d 604; State v. Abram, 27 Utah 2d 266, 495 P.2d 313.

1. See 46 Am.Jur.2d 681, Judgments, identity of parties as requisite; Farley v. Farley, 19 Utah 2d 301, 431 P.2d 133.

child, or by the public authority, or by other persons or agencies to the extent that they bear necessary expenses on his behalf. Neither the child, who was not born at the time, nor the third party, who later furnished his support, would have been involved in the bastardy proceeding; and their rights should not be deemed concluded thereby.

I appreciate that the possibility of further litigation with other parties may present difficulties for the defendant. But so do the life and necessities of the child. I have made these observations because I think this decision should be restricted to its particular facts; and that judgment should be reserved as to other possible circumstances.