David Mark Newton WHEELER, a minor child, By and Through his Guardian ad Litem, Mark Wayne WHEELER, Plaintiff and Appellee,

v.

Stanley C. MANN, Defendant and Appellant.

No. 19730.

Supreme Court of Utah.

June 30, 1988.

Rehearing Denied Nov. 4, 1988.

Brent V. Manning, William D. Holyoak, Salt Lake City, for appellee.

Stanley C. Mann, Salt Lake City, pro se.

STEWART, Justice:

This is an action by David Wheeler, the minor beneficiary of a testamentary trust, and his guardian father, Mark Wheeler, to recover the trust corpus and damages from

the trustee, Stanley C. Mann, for his breach of loyalty to the trust by self-dealing. The trustee appeals a summary judgment awarding the beneficiary $235,137.88, the amount of the trust fund plus interest, and attorney fees in the amount of $8,000. We affirm.

Joan Wheeler, David's mother, established a testamentary trust naming David as the beneficiary and defendant Stanley Mann, her uncle, as the trustee. Joan and Mark Wheeler were divorced, and Joan was given custody of David Wheeler. Joan Wheeler died in December, 1978. Her death spawned several acrimonious lawsuits between Mann, Mark Wheeler, and others. Much of the dispute centered around the custody, control, and guardianship of David.

After Joan Wheeler's death, defendant, as trustee, received trust assets of more than $167,000 in insurance proceeds. Over the next few years, defendant "invested," through loans and stock purchases, the entire trust corpus in two corporations, Western Marketing Resources, Inc., and Quest Publishing, Inc. Defendant is the president and managing officer of both entities. He is also the sole stockholder of Quest Publishing, Inc. Western Marketing Resources, Inc., is owned predominantly by him, his wife, and his sons; they are also its employees.

The two business entities were extensively involved in the publication, distribution, and marketing of a book Mann had written which set out his views concerning his disputes with Mark Wheeler and other relatives. The two businesses consumed the trust funds in printing and marketing the book, but it was unsuccessful. Both companies are now without assets, and the stock defendant purchased with the trust assets is worthless, as are the loans. Plaintiff sued defendant to recover the value of the trust assets invested in his corporations. Mann asserts that he attempted to secrete the trust funds and to hide the investments to prevent Mark Wheeler and others from obtaining access to the trust assets.

Plaintiff contends that defendant's appeal should be dismissed summarily because defendant has failed to file a bond as required by Rule 6 of the Rules of the Utah Supreme Court, has failed to file a docketing statement as required by Rule 9, and has neglected to designate the contents of the record on appeal pursuant to Rule 11. Although the failure to file a cost bond, a docketing statement, and a designation of record clearly justifies dismissal, *see Mountain States Tel. & Tel. Co. v. Atkin, Wright & Miles*, 681 P.2d 1258, 1264 (Utah 1984); R. Utah S.Ct. 9, we decline to dispose of this case on those grounds, and instead, we affirm the trial court's decision on the merits.

On appeal from a summary judgment, we view the evidence presented to the trial court in the light most favorable to the losing party. Summary judgment is appropriate only if the pleadings, affidavits, and other submissions show that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. *Geneva Pipe Co. v. S & H Insurance Co.*, 714 P.2d 648, 649 (Utah 1986). When a party is entitled to judgment as a matter of law on undisputed material facts, the granting of a summary judgment cannot be defeated because there are evidentiary conflicts as to other factual issues. *See* Utah R.Civ.P. 56(e).

Although there are numerous factual disputes in this case, the facts essential to plaintiff's claim are undisputed. Defendant concedes that he is the trustee of the trust and that he invested the entire trust assets in companies he managed, controlled, and substantially owned. On this appeal, he asserts that the trial court erred in ruling that he breached his fiduciary duty of loyalty by investing the trust monies in the companies he owned and controlled. Specifically, he alleges that the investment and the loans of trust assets in question were specifically requested or directed by Joan Wheeler prior to her death and were authorized by the express language of the trust agreement.

A trustee has a duty of loyalty to the beneficiaries of a trust. *Farley v. Far-*

*ley,* 19 Utah 2d 301, 308, 431 P.2d 133, 137–38 (1967); *Restatement (Second) of Trusts* § 170 (1959); IIA Scott, *Trusts* § 170 (4th ed. 1987). *See also In re Campbell's Estate,* 53 Utah 487, 504, 173 P. 688, 694 (1918). A trustee's duty of loyalty requires the trustee to administer the trust "solely in the interest of the beneficiary." *Restatement (Second) of Trusts* § 170 (1959). IIA Scott, *Trusts* § 170, at 312 (4th ed. 1987). As such, a trustee is not permitted to engage in self-dealing, or "to place himself in a position where it would be for his own benefit to violate his duty to the beneficiaries." IIA Scott, *Trusts* § 170, at 311. The prohibition against self-dealing does not depend upon proof of bad faith, but is absolute so as to avoid the possibility of fraud and the temptation of self-interest. *Id.* at 312. Absent authorization from a court with jurisdiction over the administration of the trust[1] or consent of the beneficiaries, any transaction involving self-dealing by a trustee is not only prima facie invalid, but is voidable by the beneficiaries, regardless of any loss suffered by the trust estate, the payment of valuable consideration, or the existence of good faith. *Id.* Even if the beneficiaries consent, the transaction is voidable unless the trustee has disclosed to the beneficiaries all the material facts which he knew or should have known concerning the transaction and the transaction was fair and reasonable in all respects. *Id.*

The rule against self-dealing extends beyond a trust fund's trustee's dealing with himself as an individual. A trustee breaches the duty of loyalty if the trustee lends "funds to a corporation of which he owns all or a substantial part of the shares or to a corporation of which he is a principal officer." IIA Scott, *Trusts* § 170.17, at 388.

When a trustee violates his duty to the beneficiaries through self-dealing, the trustee is personally liable for any loss in value of the trust estate caused by the breach of trust. *Restatement (Second) of Trusts* § 205(a) at 458 (1959); IIA Scott, *Trusts* § 170.2. *See also Gay v. Young Men's Consol. Coop. Mercantile Inst.,* 37 Utah 280, 287, 107 P. 237, 240 (1910).

Defendant does not assert, nor is there any evidence, that the beneficiary consented to the transaction. Nor did defendant obtain approval of the court. Defendant nonetheless seeks to defend his conduct on the ground that the trust instrument authorizes the trustee to invest in his own companies. The terms of a trust, unless illegal or contrary to public policy, govern the lawfulness of a trustee's investment of trust funds, even if contrary to statutory or common law limitations. *Dipo v. Dipo,* 526 P.2d 923, 926 (Utah 1974). The trust instrument provides:

> (g) the fiduciary may invest and reinvest funds and other assets in such properties as men of prudence, discretion and intelligence purchase for their own accounts, having regard not to speculation, but to the permanent disposition of their funds and considering the probable income as well as the probable safety of their capital, including, but not by way of limitation, common trust funds, *shares and obligations of the fiduciary* and shares and obligations of any affiliate, whether or not of the character otherwise permitted by law for the investment of funds of a fiduciary.

(Emphasis added.) However, defendant did not assert before the trial court that

---

**1.** There may be circumstances in which it would be advantageous to the trust for the trustee to purchase trust property, i.e., where the trust res is difficult to dispose of and the trustee is willing to help the estate by purchasing the property at a fair price greater than that which any other purchaser would pay. Trustees may carry out such a transaction upon permission from a court having jurisdiction over the administration of the trust. IIA Scott, *Trusts* § 170.7 (4th ed. 1987). Utah Code Ann. § 75–7–404(2) (1978) provides in pertinent part:

> If the duty of the trustee and his individual interest or his interest as trustee of another trust, conflict in the exercise of a trust power, the power may be exercised only by court authorization ... upon petition of the trustee.

Defendant admits that he did not seek court approval before he invested the trust corpus in Quest Publishing, Inc., and Western Marketing Resources, Inc.

the terms of the trust instrument entitled him to invest trust monies in, or to lend trust monies to, his own companies; nor did he refer to the above-quoted language. Hence, defendant's claim is not properly before this Court since it may not be raised for the first time on appeal. *Franklin Fin. v. New Empire Dev. Co.*, 659 P.2d 1040, 1045 (Utah 1983). We, therefore, decline to consider the argument.

Defendant cites the black-letter law that a trust instrument is to be construed to effectuate the intentions of the trustor, *Makoff v. Makoff*, 528 P.2d 797, 798 (Utah 1974), and he seeks to defend his conduct on the ground that Joan Wheeler, before her death, specifically instructed him "to invest the trust money in Western Marketing Resources, Inc. because she felt it might be the only way to keep it from the control or influence of Mark Wayne Wheeler...."

Most assuredly, the trust instrument does not so provide. Moreover, the record contains only one reference by defendant to the trustor's intent with regard to the trust funds. Defendant asserted in his argument on plaintiff's motion for summary judgment in the trial court that Joan Wheeler had requested him in a letter "written sometime before she died ... to keep their money away from Mark Wheeler...." But, this assertion does not support defendant's claim on this appeal that he was told he could or should invest in his own companies. Mark Wheeler would have had no greater access to trust assets invested in a company not owned by defendant than to assets invested in a company that was. Even if the trustor's request to keep the assets from Mark Wheeler was legitimate, it was not a direction to Mann to invest in his own corporations and did not authorize a departure from the fundamental obligations of a fiduciary. Quite clearly, both the trust instrument and the common law required the trustee to invest the trust assets with prudence and in the sole interest of the beneficiary. *See Farley*, 19 Utah 2d at 308, 431 P.2d at 137–38.

The summary judgment against defendant for breach of the duty of loyalty is affirmed.

HALL, C.J., HOWE, A.C.J., and DURHAM, J., concur.

ZIMMERMAN, J., does not participate herein.