493 P.2d 643

**Ronald BRADSHAW et al., Plaintiffs and Appellants,**

**v.**

**BEAVER CITY, a municipal corporation, et al., Defendants and Respondents.**

No. 12524.

Supreme Court of Utah.

Jan. 31, 1972.

**136**

Pugsley, Hayes, Watkins, Campbell & Cowley, Robert S. Campbell, Stewart M. Hanson, Jr., Salt Lake City, for plaintiffs and appellants.

W. Robert Wright, Salt Lake City, Cline, Jackson & Jackson, Sam Cline, Milford, for defendants and respondents.

CROCKETT, Justice:

Plaintiff Ronald Bradshaw and others as taxpayers and residents within Beaver City, Utah, seek to enjoin the annexation of a tract of about 21 acres of land "immediately north" of the city limits belonging to the defendant Interstate Development Company. Their contention is that the annexation is arbitrary, unreasonable, capricious and not done in accordance with law and the prerogatives of the defendant City Council.[1] On the basis of the pleadings and affidavits which set forth the facts as claimed by the respective parties, the trial court granted defendants' motion for a summary judgment. In doing so he expressly extended to the plaintiff the opportunity of amending his complaint to make any other claims or representations he desired. This proffer was declined and the plaintiff brought this appeal contending that the summary judgment was improperly granted.

The objective of a lawsuit is to reach the correct and final settlement of the controversy with the greatest possible economy of time and effort consistent with allowing each party full opportunity to present its contentions and the court to give adequate consideration to them. When there is dispute as to what the material facts are, the presentation of evidence and the resolution of such disputes in fact is required. But when there is no dispute as to the material issues of fact, it is obviously neither necessary nor desirable to take the time and effort to present and consider evidence relating thereto. It is for this reason that Rule 56, U.R.C.P., provides for the entry of summary judgment when:

> . . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that *there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.* [Emphasis added.]

---

1. The procedural requirements for annexation to a city of contiguous territory are set forth in Sec. 10-3-1, U.C.A.1953.

The application of that rule to the situation in the instant case is aptly stated in the case of Dupler v. Yates [2] in which the court said:

> The primary purpose of the summary judgment procedure is to pierce the allegations of the pleadings, show that there is no genuine issue of material fact, although an issue may be raised by the pleadings, and that the moving party is entitled to judgment as a matter of law.

In order to accomplish the objective above stated, the trial court looked to the heart of the controversy between these litigants and resolved it. Upon our review, we think it proper to consider the essence of what was done rather than to place undue emphasis upon the particular terms used or language employed. Insofar as is shown from the pleadings and affidavits and the contentions made by the parties, it appears to us that the trial court was correct in concluding that there was no real dispute as to any material facts relating to the pivotal issue of what this case is all about, that is: whether the annexation of the area in question to Beaver City constitutes an unlawful act of the city council.

With respect to that issue the trial court stated:

> The court finds that even if the facts set forth in the first cause of action **were** determined to be true, it would be outside the scope of authority of this court to make a ruling or determination on matters that are within the discretion of the legislative authorities and mayor of Beaver City.

The court in its statement similarly disposed of the other causes of action (2nd and 3rd) alleged in plaintiff's complaint.

The determination of the boundaries of a city and what may or may not be encompassed therein, including annexation or severance, is a legislative function to be performed by the governing body of the city.[3] The courts are and should be reluctant to intrude into the prerogative of the legislative branch of government, and will interfere with such action only if it plainly appears that it is so lacking in propriety and reason that it must be deemed capricious and arbitrary, or is in excess of the authority of the legislative body.[4] An examination of the pleadings and affidavits in the record shows that the plaintiffs

---

2. 10 Utah 2d 251, 351 P.2d 624.

3. See Secs. 10–3–1 et seq., U.C.A.1953. The power which the legislature has delegated is divided into two parts: (1) The power to annex pursuant to Sec. 10–3–1, and (2) The power to sever pursuant to Secs. 10–4–1 to 10–4–5.

4. See In re Town of West Jordan, 7 Utah 2d 391, 326 P.2d 105 (1958); Application of Peterson, 92 Utah 212, 66 P.2d 1195 (1937); Plutus Min. Co. v. Orme, 76 Utah 286, 289 P. 132 (1930).

merely stated their contentions in general language and therefore as conclusions of law. We are in agreement with the view of the trial court that they have not set forth any actual averments as to issues on material facts about which there is dispute, and which, even if established in accordance with the contentions of the plaintiffs, would justify the court's interference with the action of the City Council.

 Plaintiffs make the related argument that the City Council abdicated its responsibility and surrendered to the Interstate Development Company the right to make the determination as to the annexation. This is predicated upon the fact that in the resolution for annexation the Council imposed certain conditions, including the installation of water lines and preparing portions of the property for paving. Wherefore, plaintiffs urge that this puts in the hands of the defendants the determination whether annexation takes place. With this argument we do not agree. The actual authorization for the annexation was made by the City Council, and there is no reason that we know of why it was not proper and within its prerogative to prescribe reasonable conditions in connection with the annexation.

Based upon what we have said herein, it is our opinion that the trial court was justified in concluding that, notwithstanding the contentions made by the plaintiffs, they could not establish a basis for the remedy sought. Wherefore, the entry of the summary judgment was meet and proper.

Affirmed. Costs to defendants (respondents).

CALLISTER, C. J., and HENRIOD, TUCKETT and ELLETT, JJ., concur.