**Bruce R. VANLANINGHAM, Plaintiff and Appellant,**

v.

**DEPARTMENT OF BUSINESS REGULATION of the State of Utah and Gene Lambert, its Executive Director, and Hal S. Bennett, the former Executive Director, Dept. of Registration of the State of Utah and Floy W. McGinn, its Director, Defendants and Respondents.**

**No. 14943.**

Supreme Court of Utah.

July 1, 1977.

J. Val Roberts, Centerville, Walker E. Anderson, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., James L. Barker, Jr., Asst. Atty. Gen., Salt Lake City, for defendants and respondents.

HENRIOD, Justice, Retired:

Appeal from a summary judgment favoring the Business Regulation Department of Utah, sustaining its order denying plaintiff's application for a plumber's license, and that failing, for an extension of a temporary license pending the taking of a fifth examination,—he having failed four previous ones. Affirmed, with no costs awarded.

Plaintiff says that: 1) The prevailing statute, as amended, is unconstitutional on its face because of ambiguity, but in any event, unconstitutionally was applied, by way of discrimination to him personally; and 2) That he is entitled to a license by way of reciprocity with Indiana, where he had been a licensed plumber.

█ As to 2), Reciprocity: Plaintiff cites Title 58–1–19, Utah Code Annotated 1953, as amended, which in part reads as follows: "The department may issue a license . . . without an examination, to a person who has been licensed . . . *after examination,* in any state . . . whose educa-

tional and examinational requirements are . . . equal to those of this state, . . . ."

Since it is conceded that plaintiff did not take an examination in Indiana, and there appears to have been no compact between the two states, or any prior effort to urge such contention, it would appear that the position of plaintiff as to this point on appeal, falls of its own weight,—and we so hold.

■ As to 1), the constitutional aspect of this case: Plaintiff, at considerable length, points up other Utah statutes providing a variety of different numbers and times to which applicants for other professional or business pursuits must adhere, such as Contractors, Electricians, other levels of Plumber aspirants, Registered Nurses, Psychologists and the like,—in aid of his thesis of discrimination. No degree of empathy, however, can vouchsafe else than that plaintiff's purported analogies are without merit. They have to do with other classes of people,—all of whom, in each class, for aught we know, individually receive the same treatment as to privilege and obligation. This sort of conclusion is not suggested by plaintiff, but being silent in the matter, he seems to concede non-discrimination here. There is no pressure indulged by plaintiff in the instant case, to convince or even suggest to us that plaintiff is treated any differently than any other person in the statutorily designated class to which even the plaintiff here assigns to himself.

It is no non sequitur, then, for us to decide that the subject statute is constitutional at least in that respect. Such conclusion aptly is put in the language of *Wein v. Crockett*, 113 Utah 301, 195 P.2d 222 (1948), to the effect that "It is not necessary that a law apply equally to all persons. It is sufficient if it applies equally to all of one class." Cases, without necessity of citation, are legion in espousing the quoted lan-

guage. As a corollary, presumptively a statute is constitutional,[1] and the onus of successfully rebutting such presumption is on him who challenges it.[2] We suggest and hold that plaintiff has neither erased the presumption in the one case, nor carried the work load in the other.

After attacking the statute as being unconstitutional word-wise, the plaintiff possibly may be impaling himself upon the second horn of a dilemma, when he urges that the statute gives him a right to a license, or at least to an extension of a temporary license under language proscribed in the statute he condemns. Under the section extant and dispositive at the time plaintiff took all four examinations, i. e., Sec. 58–18–13(b), (before 1975, when it was amended), plaintiff was entitled to such four examinations, regardless of what score he obtained, if he failed. He failed all four. On the first he scored 57.5%, a failure; the second, 54%, a failure; the third, 65.5%, a failure; and the fourth, 51%, a failure. After each of the first three failures, he was granted an extension of his temporary license until the next examination date. Under that section, when he failed the fourth time, no extension of his temporary license could have been given by the Department, else it would have violated its own statute and regulations.[3] Unfortunately, assuming, arguendo, that the 1975 amendment were applicable to him (which the Court's findings reflected was not the case) the plaintiff would have been precluded from obtaining a continuing temporary license anyway, since the amendment eliminated the temporary license extension feature if an applicant failed but once. Here the applicant failed every time, and hardly can find comfort in the amendment, obviously more restrictive than its parent.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.

WILKINS, J., does not participate herein.

1. *Parkinson v. Watson*, 4 Utah 2d 191, 291 P.2d 400 (1953).

2. *Thomas v. Daughters of Utah Pioneers*, 114 Utah 108, 197 P.2d 477 (1948).

3. There is no substance to counsel's argument that plaintiff was deprived of his livelihood. Counsel conceded he could have worked as an apprentice or at some other job,—and he could still take the examination next time around.