**STATE of Utah, By and Through the INDUSTRIAL COMMISSION, Plaintiff and Appellant,**

**v.**

**WASATCH METAL AND SALVAGE COMPANY, Defendant and Respondent.**

No. 15376.

Supreme Court of Utah.

April 19, 1979.

---

Robert B. Hansen, Atty. Gen., Mark A. Madsen, Asst. Atty. Gen., Harry E. McCoy, II, Special Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Edward M. Garrett, of Hanson & Garrett, Salt Lake City, for defendant and respondent.

MAUGHAN, Justice:

The State, by and through the Industrial Commission, appeals from a judgment of the district court dismissing proceedings instituted, by the state, against defendant. The judgment is affirmed.

Plaintiff's representative presented himself with appropriate credentials at defendant's workplace for the purpose of conducting an inspection pursuant to the Utah Occupational Safety and Health Act of 1973, 35–9–1, et seq., U.C.A., 1953, as enacted 1973. Defendant refused the inspector admission to the premises. The State petitioned the district court for an order of immediate entry, which was granted. Defendant moved for an order of dismissal of the proceedings. The trial court granted the dismissal on the ground that another district judge had declared the entire act unconstitutional.

■ On appeal, the State has attempted to broaden the issues beyond the immediate question, the constitutionality of section 35–9–8(1), and seeks a judicial declaration as to the validity of Chapter 9, Title 35. We decline to so rule on the authority of *Baird v. State,*[1] and confine our decision to the constitutionality of the statutory authorization of Sec. 35–9–8(1), viz., to conduct an administrative search without a search warrant.

Section 35–9–8(1) provides:

The division or its representatives upon presenting appropriate credentials to the owner, operator, or agent in charge, may enter without delay at reasonable times any workplace where work is performed by an employee of an employer; inspect and investigate during regular working hours and at other reasonable times in a reasonable manner, any workplace and all pertinent methods, operations, processes, conditions, structures, machines, apparatus, devices, equipment and materials therein, and to question privately any such employer, owner, operator, agent, or employee.

1. Utah, 574 P.2d 713 (1978).

2. 84 Stat. 1590, 29 U.S.C. § 657(a) (1970) [29 U.S.C.S. § 657(a)].

Section 8(1) of the Utah Act has provisions substantially similar to Section 8(a) of the Occupational Safety and Health Act of 1970.[2] Under a factual background similar to the instant case, the constitutionality of the statutory authorization of a warrantless search under OSHA was submitted to the United States Supreme Court in *Marshall v. Barlow's, Inc.*[3] The Court held the Act unconstitutional under the Fourth Amendment; insofar as it purported to authorize inspections without a warrant, or its equivalent.

■ The Secretary of Labor, Marshall, urged under Section 8(a) of the Act, 29 U.S.C. Sec. 657(a), (which authorizes inspection of business premises without a warrant), warrantless inspections to enforce OSHA were reasonable within the meaning of the Fourth Amendment. The Court disagreed. The Court stated it had previously held warrantless searches were generally unreasonable, and this rule applied to commercial premises as well as homes. Furthermore, the Fourth Amendment prohibition against unreasonable searches protects against warrantless intrusions during civil as well as criminal investigations.

The Court pointed out the critical fact in the case was that entry, over the objection of Mr. Barlow, was being sought by a government agent. The Court explained the owner of a business has not, by the necessary utilization of employees, in his operation, thrown open the areas where employees alone are permitted, to the warrantless scrutiny of government agents. The Court rejected the Secretary's claim, viz., the enforcement scheme of the Act requires warrantless searches, and the restrictions on search discretion (contained in the Act and its regulations) protect as much privacy as a warrant would.

The Court elaborated on the requisites for an administrative warrant for an OSHA inspection:

3. 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978).

Whether the Secretary proceeds to secure a warrant or other process, with or without prior notice, his entitlement to inspect will not depend on his demonstrating probable cause to believe that conditions in violation of OSHA exist on the premises. Probable cause in the criminal law sense is not required. For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a showing that "reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a particular [establishment]." *Camara v. Municipal Court,* supra, at 538, 87 S.Ct. [1727] at 1736 [18 L.Ed.2d 930]. A warrant showing that a specific business has been chosen for an OSHA search on the basis of a general administrative plan for the enforcement of the Act derived from neutral sources such as, for example, dispersion of employees in various types of industries across a given area, and the desired frequency of searches in any of the lesser divisions of the area, would protect an employer's Fourth Amendment rights. We doubt that the consumption of enforcement energies in the obtaining of such warrants will exceed manageable proportions.[4]

The Secretary further urged that requiring a warrant for OSHA inspectors would mean that other regulatory statutes providing for a warrantless search would be constitutionally infirm. The Court responded that the reasonableness of a warrantless search would depend upon the specific enforcement needs and privacy guarantees of each statute. The court admonished:

. . . we base today's opinion on the facts and law concerned with OSHA and do not retreat from a holding appropriate to that statute because of its real or imagined effect on other different administrative schemes.[5]

The court continued:

Nor do we agree that the incremental protections afforded the employer's privacy by a warrant are so marginal that they fail to justify the administrative burdens that may be entailed. The authority to make warrantless searches devolves almost unbridled discretion upon executive and administrative officers, particularly those in the field, as to when to search and whom to search. A warrant, by contrast, would provide assurances from a neutral officer that the inspection is reasonable under the Constitution, is authorized by statute, and is pursuant to an administrative plan containing specific neutral criteria.[6] Also, a warrant would then and there advise the owner of the scope and objects of the search, beyond which limits the inspector is not expected to proceed. These are important functions for a warrant to perform, functions which underlie the Court's prior decisions that the Warrant Clause applies to inspections for compliance with regulatory statutes. [Citations omitted.] We conclude that the concerns expressed by the Secretary do not suffice to justify warrantless inspections under OSHA or vitiate the general constitutional requirement that for a search to be reasonable a warrant must be obtained.[7]

---

4. Pp. 320–321 of 436 U.S., pp. 1824–1825 of 98 S.Ct.

5. Pp. 321–322 of 436 U.S., p. 1825 of 98 S.Ct.

6. As an elaboration of this statement, footnote 20, provides: "The application for the inspection order filed by the Secretary in this case represented that 'the desired inspection and investigation are contemplated as part of an inspection program designed to assure compliance with the Act and are authorized by Sec-

tion 8(a) of the Act.' The program was not described, however, or any facts presented that would indicate why an inspection of Barlow's establishment was within the program. The order that issued concluded generally that the inspection authorized was 'part of an inspection program designed to assure compliance with the Act.' "

7. At pp. 322–324 of 436 U.S., at pp. 1825–1826 of 98 S.Ct.

The court reiterated the principles involving an administrative search in *Michigan v. Tyler*,[8] wherein it stated:

. . . Searches for administrative purposes, like searches for evidence of crime, are encompassed by the Fourth Amendment. And under that Amendment, "one governing principle, justified by history and by current experience, has consistently been followed: except in certain carefully defined classes of cases,. a search of private property without proper consent is 'unreasonable' unless it has been authorized by a valid search warrant." *Camara*, supra, [*Camara v. Municipal Ct.*, 387 U.S. 523] at 528–529, 87 S.Ct. [1727] at 1731, [18 L.Ed.2d 930.] The showing of probable cause necessary to secure a warrant may vary with the object and intrusiveness of the search, but the necessity for the warrant persists.

Thus, insofar as Sec. 35–9–8–(1) authorizes inspections without a warrant, it is unconstitutional. It is so because it constitutes a violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and Article 1, Sec. 14, Constitution of Utah.

This opinion is grounded on the law and facts associated with OSHA. We do not hand down a rule which has general application to other administrative endeavors.

WILKINS, HALL and STEWART, JJ., concur.

CROCKETT, Chief Justice (dissenting).

On the basis of what in my judgment are sound propositions, having a vital bearing on the balance of power between the three branches of government, I dissent from declaring the statute unconstitutional.

First, the *only* searches which are prohibited by our constitutional provisions are those which are *unreasonable*.[1]

Second, the Legislature has fashioned this statute in obvious awareness of the foregoing, and has laden it with requirements that any such inspection *must be reasonable*. It must be done by a representative presenting appropriate credentials and at *"reasonable times"* and in a *"reasonable manner."*

Third, it is our duty to assume that the statute will be understood, applied, and adhered to in a constitutional manner:[2] i. e., that the only inspections performed will be subject to the clearly stated restrictions of reasonableness; and therefore under those restrictions, *there can be no unreasonable search* authorized by the statute. In authorizing an inspection in the interests of safety and health, I see no likelihood of oppressive conduct or undue annoyance. If the proposed inspection is regarded by the inspected ·as unreasonable, he can refuse; then the inspector must obtain judicial approval and a warrant.

Fourth: a fundamental principle of constitutional law is that the judicial branch should exercise judicial restraint, and should not intrude into the legislative prerogative [3] and not declare a statute unconstitutional unless it is so beyond a reasonable doubt.[4] It is important to keep in mind that the judiciary has an awesome responsibility in that it can exercise final judgment on the prerogatives of the executive and legislative branches of government, as well as upon its own; and that practically the only restraint thereon is its own sense of self-restraint. It is obvious that if such restraint is not exercised the courts could arbitrarily arrogate to themselves dangerous powers which could impair. or destroy the balance of power which has served so

**8.** 436 U.S. 499, 506, 98 S.Ct. 1942, 1948, 56 L.Ed.2d 486, 496 (1978).

**1.** Utah Const. Art. I, Sec. 14; U.S.Const., Fourth Amendment.

**2.** *Vanlaningham v. Dept. of Business Regulation*, Utah, 566 P.2d 1238, citing *Parkinson v. Watson*, 4 Utah 2d 191, 291 P.2d 400.

**3.** *Bradshaw v. Beaver City*, 27 Utah 2d 135, 493 P.2d 643.

**4.** *Salt Lake City v. Savage*, Utah, 541 P.2d 1035, citing *Trade Commission v. Skaggs Drug Centers, Inc.*, 21 Utah 2d 431, 446 P.2d 958; and *Snow v. Keddington*, 113 Utah 325, 195 P.2d 234.

well as one of the distinctive advantages of our system of government. It is therefore of the utmost importance that the judiciary resist the temptation to extend its own authority and that it exercise great care not to encroach upon the prerogatives of the other two branches.

On the basis of what has been said above, it is my opinion that it is not only contrary to sound policy and well-established principles of law, but is unnecessary and ill-advised, to declare the statute unconstitutional.